ALICE HOFFMAN, Landlord, Appellant, *v.* EMIL FRAAD, Tenant, Respondent, ELISE R. FRAAD, Assignee, Respondent, 17 EAST 54TH STREET CORPORATION, Assignee or Undertenant, Respondent.

Supreme Court, Appellate Term, First Department, November 11, 1926.

Summary proceedings to dispossess — proceeding under Labor Law, § 316, subd. 3, for failure to comply with Labor Law, §§ 271–274 — petition shows existence of lease — mere notice by landlord of termination for failure to comply with Labor Law does not bar action where tenant remains in possession — petition sufficiently alleges agreement by tenant to comply with Labor Law — error to grant final order in favor of tenant.

In summary proceedings to dispossess brought under subdivision 3 of section 316 of the Labor Law for failure of the tenant to comply with sections 271–274 of that law, the petition alleges sufficiently the existence of a lease at the time the proceedings were instituted, for an allegation in the petition that prior to the time of the institution of the proceedings the landlord served a notice on the tenant terminating the lease for failure of the tenant to comply with the Labor Law, does not bar the action, since it appears that the tenant continued in possession and refused to recognize the termination of the lease.

The petition alleges that the tenant agreed to comply with the provisions of the Labor Law, since it sets forth the lease which contains a provision that the tenant shall, at its own cost and expense, fully comply with and perform all regulations, rules, ordinances and requirements of the city, State and Federal authorities.

Accordingly, it was error for the court to grant the final order in behalf of the tenant on the ground that the petition was defective.

APPEAL by landlord from final order of the Municipal Court, Borough of Manhattan, Ninth District.

*Satterlee & Canfield* [*R. Randolph Hicks* of counsel], for the landlord, appellant.

*Walsh & Hennessy* [*John P. Walsh* of counsel], for the tenant and the assignee, respondents.

*White & Case* [*Edward G. MacArthur* of counsel], for the assignee or undertenant, respondent.

DELEHANTY, J. This is a summary proceeding brought by the landlord to recover possession of the premises No. 17 East Fifty-fourth street in the city of New York. The proceeding is based upon subdivision 3 of section 316 of the Labor Law (Laws of 1921,

chap. 50) as amended to date, which provides whenever by the terms of a lease any tenant has agreed to comply with or carry out any such provisions, meaning those of the Labor Law, his failure and refusal so to do shall be a cause for dispossessing said tenant by summary proceedings as aforesaid (meaning by summary proceedings to recover possession of real property, as provided in the Code of Civil Procedure or Civil Practice Act), and it is also claimed that under an alleged limitation of the term, the tenant's term of the premises has terminated.

At the commencement of the trial a motion was made on behalf of the tenant that the petition be dismissed as insufficient on its face to give the court jurisdiction on the ground that this proceeding cannot be brought under the authority of section 316 of the Labor Law to remove the tenant for failure to comply with the provisions of sections 271, 272, 273 and 274 of the Labor Law of 1921. The petition is claimed to be defective in that it shows that the landlord contends that more than six months prior to the commencement of this proceeding this lease had been terminated by notice to that effect and that, therefore, under section 316 of the Labor Law there was no lease in existence at the time of the commencement of this proceeding; *second*, that under the terms of the lease the defendant did not agree to comply with or carry out the obligations of the sections of the Labor Law heretofore specified which are imposed upon the owner and that, therefore, this proceeding did not come within section 316 of the Labor Law; *third*, that the petition is insufficient upon its face to give the court jurisdiction to entertain the proceeding against the tenant as a holdover in that it fails to show that the term of the tenant has expired. Such motion was granted, and thereafter on May 6, 1926, a final order was made in favor of the tenant. The petition in this case shows among other things that a lease was entered into on April 15, 1922, between the landlord Alice Hoffman and Emil Fraad as tenant, for the term of twenty-one years expiring on June 30, 1943, unless sooner terminated as thereafter in the lease provided, at the annual rental of $8,000 net to the owner. The lease also provided for various improvements, changes and alterations in and on the demised premises by the tenant at the cost of at least $15,000. The lease also provides (¶ 3) as follows: " That the tenant agrees to fully comply with all the rules, regulations, ordinances and laws of the City and State of New York and all Federal Laws in the use, alterations and changes of the building on said premises, and will indemnify, pay and save harmless the owner from any and all claims, liability, loss or damage by reason thereof, and by reason of the use or management thereof to the end of the term thereof."

Paragraph 9 provides in substance that the tenant shall use the premises only for lawful and proper purposes and shall not do or cause to be done any act or thing detrimental thereto, etc.

Paragraph 10 provides: " That the tenant shall at his own cost and expense fully comply with and perform all regulations, rules, ordinances and requirements of the City, State and Federal authorities and of the New York Fire Insurance Exchange and Board of Fire Underwriters in all matters and things affecting said premises whether structural or otherwise as to the interior or exterior of said building and the sidewalk and area in front or rear thereof."

Paragraph 11 provides: " That the tenant agrees at his own cost and expense to maintain and keep the building on said premises at all times and the alterations and changes made therein both to the inside and outside, also to yard, areas, and sidewalks and all equipment thereof, in good, sufficient, repair, order and condition and to pay the costs thereof both ordinary and extraordinary, structural and otherwise and all such materials, repairs and workmanship shall be equal in class and quality to that now in said building."

Paragraph 18 provides: " In case of default by the tenant in the payment of rent reserved, or in case of any default by the tenant in the carrying out and performing of any of the terms and conditions of this agreement, and in case of bankruptcy of the tenant or his assigns, the owner and her successors or assigns may then at her option terminate the term of this lease by giving the tenant notice of the ending of this lease, or may enter into and upon said premises, or any part thereof, and reenter the same and again possess and enjoy the same as though this agreement had not been entered into, and the tenant in that event does hereby waive all statutory rights or provisions of law giving the tenant any right to redemption or continued possession of said premises after such default or defaults, etc."

The lease and the various assignments and leases of the undertenants are annexed to the petition. The petition also states that the tenant entered into possession of said premises under the provisions and terms of said lease and still claims possession of the same as against petitioner; that the tenant has failed and refused to carry out certain specified provisions of the Labor Law which he agreed under the lease to carry out and perform, though he was given a reasonable opportunity to remedy the conditions giving rise to such violation; that on or about November 1, 1925, the landlord notified the tenant, Emil Fraad, that she desired to terminate the lease by reason of his failure to comply with certain violations placed upon the building, and on or about the same

date notified the undertenant, 17 East Fifty-fourth Street Corporation, that she had terminated the lease to Fraad and desired possession of the premises.

The record contains the answer of the tenants, but as the motion to dismiss was made upon the petition alone, the motion must be deemed to have been granted, as it was, solely upon the petition.

I see no merit in the tenant's contention that the petition is defective in that it does not show a valid lease between the parties at the time of the commencement of this proceeding. Subdivision 3 of section 316 of the Labor Law of 1921 granted the landlord a new remedy or additional ground for the dispossessing of the tenant. Owing to the fact that the violation of the Labor Law was not a matter which alone concerned the parties to the lease, but the public in general, the landlord was granted an efficient and speedy remedy for the dispossessing of the tenant where he had violated certain provisions of the Labor Law, which under his lease he had agreed to comply with and carry out. The question of whether this was a termination of the lease by the act of the landlord on a breach of a covenant or whether it was a conditional limitation has no application to proceedings under subdivision 3 of section 316 of the Labor Law. Whether the tenants are holdovers or not is immaterial under the remedy given under such section of the Labor Law. There was a lease between the parties by the terms of which lease the landlord claims the tenant assumed by covenants the obligations imposed upon him by the Labor Law. The petition shows that the tenants are still in possession and claim the right to possession under the lease notwithstanding the notice served upon them by the landlord that he had elected to terminate the lease for failure to comply with certain provisions of the Labor Law. It does not appear that the landlord has ever attempted to enter or gain possession of said premises by ejectment. If the notice did terminate the lease the only result would be that the tenant might possibly be relieved from further liability under the lease but certainly not for acts or violations of his covenants prior to its termination, but as I have heretofore stated, the petition shows that the tenants still remain in possession claiming a right thereto under the lease.

I am, therefore, of opinion that under the section of the Labor Law heretofore referred to the landlord was entitled to bring this proceeding so far as this objection was concerned.

As to the second objection, I think that the paragraphs of the lease as are heretofore set forth in full show beyond question that the tenant in the use of said premises to the end of the term had agreed to comply with and carry out the provisions of the Labor Law which were imposed upon the landlord and which provisions

the landlord now claims the defendant failed and refused to comply with.

In view of our conclusion that the petition sufficiently states a ground for dispossessing the tenant for failure to comply with and carry out the provisions of the Labor Law which the tenant had agreed to comply with and carry out under the terms of the lease (Labor Law, § 316, subd. 3), it is unnecessary to consider whether the petition states as an additional ground of dispossession that the tenant holds over after the expiration of the term by reason of a limitation of the term based upon breach of the covenants to comply with the Labor Law.

The final order should be reversed, with thirty dollars costs, and proceeding set for trial for November 22, 1926.

All concur.   Present, DELEHANTY, LYDON and O'MALLEY, JJ.