ALICE HOFFMAN, Landlord, Appellant, *v.* EMIL FRAAD, Tenant, Respondent.

ELSIE FRAAD, Assignee, Respondent; 17 EAST 54TH STREET CORPORATION, Assignee or Undertenant, Respondent.

Supreme Court, Appellate Term, First Department, November 2, 1927.

Summary proceedings to dispossess — evidence — proceeding based on violation of Labor Law, § 273, and brought under Labor Law, § 316, subd. 3 — prior proceeding not res judicata — subsequent action by board of standards and appeals in issuing order relieving defendant from performance of requirements of statute, not admissible — provisions of Labor Law, § 273, are mandatory — board of standards and appeals cannot, under Greater New York charter, § 719, vary Labor Law — Labor Law, § 275, precludes operation of Greater New York charter — violation of Labor Law gave right to summary proceedings regardless of action by local authorities — board of standards and appeals had no power to reopen proceedings, after determination — exits for fire escape through adjoining property not compliance with Labor Law.

This proceeding to summarily dispossess a tenant is brought under subdivision 3 of section 316 of the Labor Law and is based on a violation of section 273 of the Labor Law. The landlord contends that the tenant has failed to comply with that section of the Labor Law in relation to fire escapes. A final order entered in a prior proceeding, based on the failure of the tenant to comply with the provisions of the Labor Law, is not *res judicata* in this proceeding.

A decision rendered by the board of standards and appeals after the present proceeding was instituted, which purported to vary the requirements of the Labor Law as to the manner of egress to the street, and to relieve the tenant from complying with that provision, and also a certificate of occupancy issued by the building department, were properly rejected by the court below.

The provisions of section 273 of the Labor Law, as to fire escapes, are mandatory, and impose a duty upon a tenant who has agreed to comply therewith to do so without action on the part of the local authorities, and when the tenant fails to comply with the provisions of section 273 of the Labor Law, the landlord has the right, under the lease, to institute summary proceedings to dispossess.

The proper construction of section 275 of the Labor Law precludes the board of standards and appeals from acting under section 719 of the Greater New York charter, which authorizes the board to vary or modify any rule or regulation, or the provision of any existing law or ordinance relating to the construction etc., of buildings, so that the spirit of the law shall be observed, public safety secured, and substantial justice done. The board of standards and appeals has no jurisdiction to vary the Labor Law.

The board of standards and appeals, having passed upon the case and made a determination against the defendant, did not have the power thereafter to

reopen the proceedings and make a determination purporting to modify or vary the terms and requirements of the Labor Law. Its jurisdiction ceased when its first determination was made.

The exit from the fire escape on the building in question did not comply with the Labor Law, since it was not a free and open exit to the street but was an exit through adjoining property and an adjoining building.

APPEAL by the landlord from a final order of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, awarding the premises in question to the tenants, and from an order denying the landlord's motion for a new trial.

*Satterlee & Canfield* [*R. Randolph Hicks* and *Thomas F. Compton* of counsel], for landlord, appellant.

*Walsh & Hennessy* [*John Patrick Walsh* of counsel], for respondents Emil and Elsie Fraad.

*White & Case* [*Edward G. MacArthur* of counsel], for respondent 17 East 54th Street Corporation.

DELEHANTY, J. On or about April 15, 1922, Alice Hoffman leased to one Emil Fraad the entire premises known as No. 17 East Fifty-fourth street, borough of Manhattan, New York city, for a term of twenty-one years from July 1, 1923, to and including June 30, 1943, at the yearly rental of $8,000. On December 8, 1922, Emil Fraad, with the consent of the landlord, assigned such lease to his wife Elsie Fraad. Elsie Fraad, about January 31, 1925, leased to the 17 East 54th Street Corporation the entire premises for a term of eighteen years and three months, commencing February 1, 1925, and ending April 30, 1942. The tenant, Emil Fraad, pursuant to the terms of the lease, made extensive alterations at the cost of some $15,000, and the property by such changes ceased to be a residence property and became a business property. Covenants in the leases provided for a compliance by the tenants with the provisions of the Labor Law. This proceeding was brought by the landlord under subdivision 3 of section 316 of the Labor Law for the purpose of summarily dispossessing the tenants from the property in question for their failure and refusal to comply with such law. The provision of such subdivision applicable to this proceeding is as follows: " Whenever by the terms of a lease any tenant has agreed to comply with or carry out any of such provisions [of the Labor Law], his failure or refusal so to do shall be a cause for dispossessing said tenant by summary proceedings as aforesaid."

A petition was filed on May 6, 1926. The case came on for trial before Mr. Justice LAUER and before the opening to the jury a motion to dismiss the petition was granted and a final order was

entered in favor of the defendant. The landlord appealed from
such final order and the Appellate Term reversed the same and
granted a new trial. (See *Hoffman* v. *Fraad,* 128 Misc. 185.) The
proceeding then came on for trial before Mr. Justice GENUNG and a
jury on the 13th and 14th days of December, 1926, and a verdict
was rendered in favor of the tenants and a final order in their favor
made. This appeal is from such determination.

Prior to the commencement of this proceeding, the landlord had
instituted two other summary proceedings against these tenants
to recover possession of the property because of their failure to
comply with the provisions of the Labor Law. The tenants urged
that the second proceeding terminating in favor of the defendant
was *res adjudicata.* There is no merit in such claim. From the
evidence it appears that from October, 1924, up to April 29, 1926,
there were many violations of various sections of the Labor Law
in the construction of the building. At such later date it would
appear that all of the violations had been remedied and removed
by the tenants except one which continued, as far as the evidence
shows, down to the commencement of this proceeding. This
violation consisted in a failure to comply with subdivision 9 of
section 273 of the Labor Law. An inspection had been made
of the building by the bureau of fire prevention of the borough of
Manhattan on October 23, 1924, and thereafter and on or about
December 3, 1924, as a result of such inspection, the landlord was
notified by the fire commissioner to comply with and remedy
certain violations of the Labor Law which were claimed to exist
in the construction of the building. Such notices were forwarded
by the landlord to Emil Fraad on December 7, 1924. Other
violations were thereafter put upon such building by the fire
department and the building department. The defects in the
structural features of the building were that there were no interior
stairways to the roof as required by section 271 of the Labor Law;
that the fire escapes were not constructed or altered so as to be
in accord with sections 271, 273 and 274 of the Labor Law in that
the windows on the course of the fire escape were not self-closing;
no balconies provided on fifth story roof extension; no safe passage-
way from termination of the fire escape to the street, and also
other violations. It appears that the tenant Elsie Fraad on Janu-
ary 8, 1925, appealed to the board of standards and appeals for a
variation from the requirements of the Labor Law as cited in the
order of the fire commissioner. Such appeal was taken pursuant
to the provisions of section 719 of the Greater New York charter.
On April twenty-first the case was amended by the board to include
an objection of the superintendent of buildings to the effect that

before a certificate of occupancy would be issued the order of the fire commissioner dated December 3, 1924, should be complied with. On May 19, 1925, the board of standards and appeals affirmed the orders of the fire commissioner and denied the application for a review thereof. In July, 1925, the tenant Fraad sought a reopening of the decision of the board. It appears that no reply was received by such tenant from the board to his communication to reopen until September, 1925. This communication merely pointed out that he would have to give facts and file a proper statement with the board before the reopening could be considered. On or about November 1, 1925, the landlord notified the tenants that she had elected to terminate the lease in question on the ground of their failure and refusal to carry out the terms of the covenants in the leases requiring their compliance with the provisions of the Labor Law. Fraad's architect, who had been conducting the matter before the board, died in January, 1926, and in February, 1926, another architect was employed by the 17 East 54th Street Corporation to continue the matter before the board. On March 15, 1926, such architect took up with the board the matter of reopening its decision of May 19, 1925. The matter of reopening such decision was on the calendar of the board for March 30, 1926, and was laid over by the board to April 13, 1926, on which date it was further laid over to April 20, 1926, and again laid over to May 11, 1926. On May 11, 1926, the matter was reopened by the board and set down for hearing for June 22, 1926. On the trial the tenants endeavored to introduce evidence to show that the board, on such reopening of the appeal, rendered a decision on June 22, 1926, making a variation from the requirements of the Labor Law as to the matter of egress to the street from the area in which the outside fire escape terminated, and that later, in October, 1926, the building department had issued a certificate of occupancy. This was objected to by the landlord on the ground that such proceedings were subsequent to the time of the filing of the petition herein and were not admissible, which contention the court below sustained. The documents showing the above action, though excluded by the court, are in the record and marked for identification.

Assuming that the board of standards and appeals did reopen the appeal by the defendants and did, upon such reopening by a board composed of members some of whom did not act on the first appeal, determine that the tenants had complied with all of the provisions of the Labor Law necessary to be complied with, and that said board did make a variation as to the egress to the street from the area into which the outside fire escape terminated,

and that a certificate of occupancy was issued, all of which happened after the filing of the petition in this proceeding, the questions to be determined on this appeal are: (1) Whether the board of standards and appeals had any jurisdiction to modify and vary the provisions of the Labor Law, which they did; (2) whether they had any jurisdiction to reopen the appeal which they had once decided to make a contrary decision; and (3) whether the determination which they made on the reopening of the appeal was legal.

The Labor Law (Laws of 1921, chap. 50) is a State law and its provisions, except as otherwise provided, apply throughout the State to tenant factories. The provisions of such law, so far as applicable to the real issue involved in this case, are found in section 273 of such law. Such section has relation to fire escapes erected after October 1, 1913, on buildings theretofore erected. Subdivision 9 of such section provides: " When not erected on the front of the building [meaning fire escapes], safe and unobstructed egress shall be provided from the foot of the fire-escape by means of an open court or courts or a fireproof passageway having an unobstructed width of at least three feet throughout, leading to the street, or by means of an open area having communication with the street. Such fireproof passageway shall be adequately lighted at all times and the lights shall be so arranged as to insure their reliable operation when through accident or other cause the regular factory lighting is extinguished." It is conceded that such section is applicable to the building in question.

The provisions of section 273 of the Labor Law as to fire escapes are mandatory and impose a duty upon the owner as well as upon the tenant so far as his holding is concerned, and they may not delay action until directed to comply therewith by a factory inspector. (*Willy* v. *Mulledy*, 78 N. Y. 310; *Arnold* v. *National Starch Company*, 194 id. 42; *Amberg* v. *Kinley*, 214 id. 531; *Goetz* v. *Duffy*, 215 id. 53; Labor Law, § 316, subds. 1, 2.)

Section 275 of the same statute provides:

" § 275. Special law and local ordinance. The requirements of sections two hundred and seventy to two hundred and seventy-four, inclusive, are not in substitution for the requirements of any general or special law or local ordinance relating to the construction, equipment or maintenance of buildings, but the provisions of such general and special laws and local ordinances shall be observed as well as the provisions of said sections. The provisions of sections two hundred and seventy to two hundred and seventy-four, inclusive, shall supersede all provisions inconsistent therewith in any special law or local ordinance, and any provision of law or ordinance which gives power to any officer to establish requirements

inconsistent with the provisions of such sections or the rules adopted by the board under the provisions of this chapter."

Sections 270 to 274, inclusive, mentioned in such sections, refer to provisions made by the Labor Law under title 3, " fire hazards." These sections 270 to 274, inclusive, are evidently deemed by the Legislature as among the most important provisions made by it for the preservation of life and property in case of fire or general disaster in a tenant factory. They were made for the benefit of the public at large and of the occupants of such factory and do not merely concern the financial interest of the landlord or his lessees. The enforcement of the Labor Law and the rules and regulations of the fire department and of the board of standards and appeals is given to the fire commissioner in regard to property situated within the limits of the city of New York. Section 719 of the Greater New York charter provides for appeal to the board from any action taken by the fire department and provides, subdivision 5, that upon such appeal " * * * when there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the law, the board shall have power in passing upon appeals, to vary or modify any rule or regulation or the provisions of any existing law or ordinance relating to the construction, structural changes in, equipment, alteration or removal of buildings or structures, or vaults and sidewalks appurtenant thereto, so that the spirit of the law shall be observed, public safety secured, and substantial justice done." This provision, so far as quoted, was added to the charter by section 6 of chapter 503 of the Laws of 1916, and amended by Local Law No. 13 of the municipal assembly. The tenants' contention evidently is that the board has a right under such provisions of the charter to vary or modify the provisions of subdivision 9 of section 273 of the Labor Law (chapter 50, Laws of 1921).

I am aware of the decisions in the case of *People ex rel. Sheldon* v. *Board of Appeals* (234 N. Y. 484) and the very late decision of the Court of Appeals in the case of *People ex rel. Fordham M. R. Church* v. *Walsh* (244 N. Y. 280). These cases, however, merely determine the right of the board to make a modification or a variance of the zoning laws or rules and regulations in reference thereto, and in my opinion have no applicability to the sections of the Labor Law heretofore cited, and are not in any way decisive as to the power of the board to modify or vary subdivision 9 of section 273 of the Labor Law. I have been unable to find any reported cases construing section 275 of the Labor Law. In my opinion, however, in view of section 275 of the Labor Law, the board has no power under the provisions of subdivision 5 of section

719 of the Greater New York charter to vary or modify the provisions of subdivision 9 of section 273 of the Labor Law. If this were not so the Legislature would not have expressly provided that compliance with the requirements of sections 270 to 274, inclusive, of the Labor Law (as distinguished from the other sections of that statute) cannot be dispensed with. The provisions of subdivision 9 of section 273 of the Labor Law are plain and unequivocal. There must be fire escapes on the front of the building or safe and unobstructed egress from the foot of the fire escape not on the front of the building in either of the three ways in subdivision 9 provided.

The tenants also claim that they have the right to contest the orders of the fire and building departments, and that they had a reasonable time within which to comply with the orders of such departments, and not until there had been a final adjudication that such orders were valid and had to be complied with were they obliged to carry out the provisions of the Labor Law heretofore cited. The falsity of this position lies in the fact, as I have already said, that such provisions of the Labor Law were mandatory and did not require any order from any department to make the tenants liable under the Labor Law. By a failure to comply with such statutory provisions, the building in question might be deemed a public nuisance, and in case of a disaster by fire the tenants as well as the landlord would have been liable if such disaster was the result of a violation of such statute, as such violation would have been conclusive evidence of negligence. The failure of the tenants to comply with such provisions of the Labor Law, from October, 1924, up to the time of the filing of the petition in this action on May 6, 1926, was as a matter of law sufficient ground to entitle the landlord herein to the remedy he has sought. As a matter of law a failure or refusal to comply with the Labor Law for such period was a failure or refusal to comply therewith within a reasonable time.

The defendants having seen fit to refuse to comply with the provisions of the law and instead to contest the validity of the orders of the fire commissioner after their service upon the parties hereto, they now seek to defend their position by endeavoring to introduce evidence of a reopening of their appeal, the issuance of a certificate of occupancy and the approval by the board of standards and appeals upon the reopening of their appeal of the plans of the tenants as originally submitted. In my opinion the board had no jurisdiction to reopen the determination theretofore made by it, or to pass upon the same after it had once decided the

43

tenants' appeal. It is unnecessary to discuss such proposition here at length, as it has been determined that the board has no power to reopen an appeal once decided. (See *People ex rel. Swedish Hospital* v. *Leo*, 120 Misc. 355; affd., 215 App. Div. 696; *Matter of McGarry* v. *Walsh*, 213 id. 289; *Conley* v. *Upson Co.*, 197 id. 815.) The board, having no jurisdiction to reopen the appeal which they had once decided, their determination upon such reopening was absolutely void, and such being the fact, the certificate of occupancy issued by the building department was also void. (*Altschul* v. *Ludwig*, 216 N. Y. 459, 470.) Moreover, the facts on which the reopening was granted were substantially the same facts as were before the board which rendered the former decision on the appeal from the orders of the fire department and the building department. The resolution of the board on the rehearing shows that the tenants were finally willing to comply with all the provisions of the orders of the fire and building departments, except as to the egress to the street from the fire escape on the easterly side of the building as required by subdivision 9 of section 273 of the Labor Law. In fact, the tenants contend in their brief that the application for rehearing was made on the identical state of facts and identical plans on which the architect Cohen based his appeal. The contention of the tenants on the rehearing of the appeal was that a compliance with all the other provisions cited in the orders of the fire commissioner and the building department was a sufficient compliance with the statute and that the provisions as to the egress to the street should not be complied with as the present means of egress was sufficient. The open area in question, where the fire escape terminated, was an area eight to ten feet wide and about forty feet long on an L shape adjoining the easterly side of the building near the rear. The only way to get out of this area and reach the street, except by climbing up a fire escape on the building No. 19 East Fifty-fourth street, and leading to the roof thereof, would be to go through the area and then through an opening in an iron fence between No. 17 East Fifty-fourth street and No. 19 East Fifty-fourth street, then down some stone steps, then through another area on the westerly side of No. 19 East Fifty-fourth street, then up steps, then through a door in the basement of No. 19 East Fifty-fourth street, and then wandering through the basement of No. 19 one might possibly find stairs from the basement to the first floor of No. 19 and then through into the street. This surely was not a compliance with the law. There was nothing to prevent the owner of No. 19 at any time from closing the fence between the areas or keeping the door in the basement locked. The intent

of the statute was that there should be a safe and unobstructed egress from such open area directly to the street, and not one leading to the street through an adjoining building. Subdivision 4 of section 274, which section has reference to fire escapes erected before October 1, 1913, states "a safe and unobstructed exit shall be provided to the street from the foot of such fire-escapes as required in subdivision nine of section two hundred and seventy-three."

The provisions of such subdivisions are argumentative that subdivision 9 of section 273 of the Labor Law contemplated that the open area communication to the street should be a direct one. It is inconceivable that the Legislature intended otherwise. Moreover, the board of standards and appeals had no power to impose an easement on the adjoining property for the purpose of egress from No. 17 East Fifty-fourth street. A resolution of the board made on June 22, 1926, on the reopening of the appeal, expressly recites that the tenants propose to comply with the orders of the fire commissioner with the exception of providing a fireproof passageway from the termination of rear fire escapes to the street, and that they (the tenants) contend that the present means of egress from the yard court by stairway to the yard of adjoining building on the east is adequate. It was on such contention that the board made a variation from the Labor Law as to such egress upon certain conditions. There is nothing cited in the resolution nor any evidence in the case to show that a compliance with subdivision 9 of section 273 of the Labor Law would incur practical difficulties or unnecessary hardships. In my opinion such a disposition was not a modification or variation of the Labor Law and such action was absolutely void. There is no question on the evidence in this case that the building was a tenant factory, but whether it was or not was a question of law. (See *Irwin* v. *Simon,* 232 N. Y. 613; *Lieberman* v. *Van Gaasbeek,* 223 id. 640.) The question whether the tenants had a reasonable time to comply with such provisions under the facts of this case was also a question of law. The charge of the judge in many respects was harmful to the landlord. Moreover, the court, instead of advising the jury as to what the law was, allowed it to take into the jury room a copy of the Labor Law as contained in McKinney's Consolidated Laws of New York, thus leaving to the jury to peruse and determine for themselves exactly what provisions of the Labor Law were applicable to the case.

Final order and order reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.