In the Matter of the Application of MEYER VESELL and Others, Petitioners, for an Order of Certiorari against BOARD OF STANDARDS AND APPEALS OF CITY OF NEW YORK, Respondent.

Supreme Court, New York County, April 20, 1928.

*Arnstein & Levine*, for Vesell and others, petitioners.

*G. P. Nicholson*, for board of standards and appeals, respondent.

VALENTE, J.   The petitioners here seek to review by order of certiorari a decision of the board of standards and appeals awarding

to the defendant Carbarn Corporation on West Fiftieth and Fifty-first streets, between Sixth and Seventh avenues, borough of Manhattan, New York city, a permit to erect on the property there owned by them a garage for the use and storage of more than five motor vehicles. The proposed building is to be of fireproof construction, eight stories and basement in height, with a frontage of 305 feet on West Fiftieth and Fifty-first streets, running through from street to street for a depth of about 200 feet. Because the strict letter of the zoning resolution, section 4, paragraph 15, forbade the maintenance of a garage for more than five vehicles in a business district such as this, the original application before the superintendent of buildings was denied as a matter of course. On appeal to the board of standards and appeals a variance from the strict regulations of section 4 was sought and such variance thereafter ordered, upon which this proceeding is instituted. By paragraph e of section 7 of the Building Zone Resolution the board is given the following power: To " determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent as follows: (e) Permit in a business district the erection or extension of a garage or stable in any portion of a street between two intersecting streets in which portion there exists a garage for more than five motor vehicles or a stable for more than five horses which existed cn July 25, 1916."

Since the record showed that both Fiftieth and Fifty-first streets were proper subjects of variance in this respect because of the existence of other garages maintained by certain of the objectants for the use of more than five motor vehicles, which garages existed prior to the passage of the zone resolution on July 25, 1926, and still exist, their existence as such was sufficient to give the board of standards and appeals legal jurisdiction to authorize the awarding of the permit in the event that it exercised its discretion favorably. Such power is largely left to its discretion, and will not be interfered with by judicial mandate except in clear cases of abuse. (*People ex rel. Healy* v. *Leo,* 194 App. Div. 973; *Matter of Boyd* v. *Walsh,* 217 id. 461.) On that phase of the instant matter the board found that not only would the proposed garage secure safety from fire and other dangers, but would promote the public convenience and welfare of the immediate community, a consideration potent and persuasive in matters involving relaxation from the strict rigidity of unvariable regulations. The property is in the heart of the shopping and theatrical district of the city; its largest theatre and a newly built hotel of great proportion immediately adjoin it. The present parked car evil has become a matter of increasing peril, lessening the passageway of the streets for fire and emergency purposes. The mayor's advisory committee on

traffic relief has specifically reported in favor of the erection of the new type garages on a large scale. The wide entrances and exits and broad ramps of the contemplated structure, permitting the passage of cars from the street directly to the upper floors of the building under their own power, and thus facilitating quick and easy entrance and exit of cars with a minimum of hindrance to traffic, were sufficient considerations to convince the board that traffic obstruction would be considerably lessened and the public convenience measurably increased by licensing the erection of this structure in a neighborhood which it would serve and which use was favored by the large adjoining property owners. It cannot be said under these considerations and state of the record that the discretionary power exercised was unreasonably granted in the premises.

The contention is made, however, that the board is a quasi judicial body, and cannot rehear a proceeding which has once been determined by it, and *People ex rel. Swedish Hospital in Brooklyn* v. *Leo* (120 Misc. 355; affd., 215 App. Div. 696) is cited in its support, and *Hoffman* v. *Fraad* (130 Misc. 667) and *McGarry* v. *Walsh* (213 App. Div. 289) are cited to the same effect. While it is true that the mere fact that the board goes through the form of hearing a new application is no reason for stating that the board cannot in fact review its own decision, it is my opinion that these cases are in no ways determinative of the present situation. While two former applications had been made to obtain permission of use for garage purposes, it seems clear that the proposed structures were different in size and appointment and design; that the situations were different with respect to the objecting and consenting property owners; that large improvement had been later made on premises adjoining, and that street and traffic congestion was a factor not present on the former occasions to the same extent. The authorities above cited must be read in the light of the facts they dealt with. As the justice who wrote the first opinion referred to said in a later decision: " If the facts and situation were the same in both appeals, the prior decision would seem to be binding and require a similar holding in the later appeal. But if there had been a substantial change the matter would be open for a new determination. Whether there was such a change would be primarily for the board to determine." The record here disclosing substantial changes in character and design, the cases above cited are inapplicable.

Nor is there merit to the other points raised that the objectants, having acted in good faith, had purchased their property in reliance on the board's previous decisions that they acquired vested rights which could not be impaired, and their contractual obligations were being thus violated. Property whenever purchased and held is

# 809

subject to the provisions of the police power of the State, represented in this instance by the provisions of the Zoning Law. (*Lincoln Trust Co.* v. *Williams Building Corp.*, 229 N. Y. 313.)

The determination of the board of standards and appeals is affirmed, with costs. Settle order on notice.