■ In the Matter of the Arbitration between MICHAEL ROSATO, Respondent-Appellant, and GOLDPURE, INC., Appellant-Respondent. GOLDPURE, INC., Plaintiff, v. MICHAEL ROSATO, Doing Business under the Name of ROSATO CONSTRUCTION COMPANY, Defendant.— Appeal and cross appeal from an order granting in part and denying in part a motion to confirm an arbitration award. The award was made by an architect in connection with disputes arising out of a contract for the construction of a one-story office and factory building for appellant-respondent by respondent-appellant. Said contract incorporated by reference the "General Conditions of the Standard Form of Agreement of the American Institute of Architects". Among the matters at issue is the scope of authority granted by the contract to the architect and the American Arbitration Association, respectively, to determine disputes arising thereunder. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ In the Matter of MARCELLA G. WOLTMAN et al., Respondents, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Appellants.— Proceeding to review a determination of the Board of Standards and Appeals of the City of New York. The determination sought to be reviewed granted an application pursuant to subdivisions (e) and (h) of section 7 of the Zoning Resolution of the City of New York for a variance to permit the erection and operation of a parking lot for more than five automobiles on a site which is partly in a business use district, but which is mostly in a residential use district, which residential part is landlocked, having no street frontage. The appeal is from an order which denied a motion to vacate the order of certiorari and annulled the determination of the board. Order reversed, with one bill of costs to appellants, motion to vacate order of certiorari granted, and determination confirmed, without costs. The variance was granted for a period of five years, subject to conditions and safeguards imposed by the board, which determined that the granting of the application under the circumstances disclosed would be in harmony with the general purpose and intent of the zoning resolution. The board appears to have acted upon a reasonable basis and on sufficient evidence to permit the exercise of its discretionary powers under subdivisions (e) and (h) of section 7, and since it acted within its jurisdiction, the determination may not be set aside. (*Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126; *Matter of Thomas* v. *Board of Standards & Appeals*, 290 N. Y. 109; *Matter of Riverside St. Clair Corp.* v. *Walsh*, 131 Misc. 652; *Matter of Vesell* v. *Walsh*, 137 Misc. 806, affd. 225 App. Div. 742; *Matter of Sima* v. *Board of Standards & Appeals*, 278 App. Div. 785; *Matter of Douglaston Civic Assn.* v. *Board of Standards & Appeals*, 278 App. Div. 659, affd. 302 N. Y. 920.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [8 Misc 2d 969.]

■ JONATHAN TRADING CORP., Appellant, v. EAST NORWICH ESTATES, INC., et al., Respondents, et al., Defendants.— In an action to foreclose a mortgage on real property, and for other relief, the appeal is from an order denying a motion to strike out and dismiss the defenses and counterclaims pleaded in respondents' answer (Rules Civ. Prac., rule 109, subds. 5, 6) and for summary judgment striking out the answer (Rules Civ. Prac., rule 113). The defenses and counterclaims in substance allege (1) that the transaction wherein the mortgage was made and delivered ensued from appellant's usurious loan to an individual, and (2) that the so-called restraining statutes (General Corporation Law, § 18; Banking Law, § 131) made the transaction unenforcible. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.