In the Matter of the Application of JOSEPH F. STILLMAN and Others, Respondents, for a Certiorari Order against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK and Others, Appellants.

First Department, December 2, 1927.

Municipal corporations — Zoning Law — board of standards and appeals cannot modify Building Zone Resolution because it would be advantageous to owner — Building Zone Resolution can be modified only as specified in Building Zone Resolution, § 21.

The certiorari order in this proceeding annulling the determination of the board of standards and appeals granting a permit to erect an office building in the residential district, was proper.

The board of standards and appeals did not have the right to modify the Building Zone Resolution for the benefit of the petitioner, but its right to modify is limited to cases where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of the resolution so that the public health, safety and general welfare may be secured and substantial justice done.    (Building Zone Resolution, § 21.)

APPEAL by the Board of Standards and Appeals of the City of New York and others from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of June, 1927.

Separate appeal by 40th Street & Park Avenue, Inc., from an order entered in said clerk's office on the 23d day of June, 1927.

  *Charles L. Craig*, for the appellant 40th Street & Park Avenue, Inc.

*Elliot S. Benedict* of counsel [*William T. Kennedy* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellant Board of Standards and Appeals.

*Edwin de T. Bechtel* of counsel [*Carter, Ledyard & Milburn*, attorneys] for the respondents Joseph F. Stillman and others.

*Kenneth M. Spence* of counsel [*Spence & Hopkins*, attorneys], for the respondent Austen G. Fox.

*Mark G. Holstein*, for the respondent 104 East Fortieth Corporation.

PER CURIAM.   The petitioner appeals from an order of certiorari annulling the determination of the board of standards and appeals granting a permit to erect an office building in a residential district. The board seems to have assumed that this modification of the zoning resolution for the benefit of a single property owner could be made because it was advantageous to the particular owner. The number of appeals to this court in this class of cases prompts us to restate that there is no power in the board of standards and appeals to vary zoning requirements for any such reason.   It may vary " where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions" of the resolution " so that the public health, safety and general welfare may be secured and substantial justice done."   (Building Zone Resolution, § 21.)   These are the only criteria by which it must make its decision; whether the property under consideration is more suitable for a forbidden use than for a permitted one is immaterial. Thus, in the instant case the property in question was purchased as restricted property.   It clearly appears that it has not substantially depreciated in value.   Unquestionably a large profit would come to the owner if the restriction were removed, but it does not follow that he loses unjustly because it is not removed.

In *People ex rel. Fordham Manor Reformed Church* v. *Walsh* (244 N. Y. 280) Chief Judge CARDOZO writes: " The power of the board of appeals* is confined to variations in special cases to meet some unusual emergency, some unnecessary hardship."

---

* Now board of standards and appeals.   (See N. Y. Local Laws of 1925, No. 13; Id. § 11.) — REP.

As was said by Mr. Justice McAvoy in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635; affd., 240 N. Y. 689): " There were no ' practical difficulties or unnecessary hardships ' demonstrated at the hearing which justified relator in his request to be exempted from the general rule.   The mere fact that a garage is more profitable than any other structure is not sufficient evidence of hardship."

The board of standards and appeals should make its determinations on the basis of these fundamental principles.

The orders appealed from should be affirmed, with ten dollars costs and disbursements.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Orders affirmed, with ten dollars costs and disbursements.