Prepared by State Reporter from Appeal Papers

entered December 12, 1927, affirming a judgment in favor of plaintiff entered upon a verdict. The action was for libel. The defenses were justification, privilege and mitigation. (See 241 N. Y. 327.)

*A. W. Bennet* and *Graham Witschief* for appellant.
*Henry Hirschberg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of JOSEPH F. STILLMAN et al., Respondents, against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Appellants.

*New York city — Zoning Law — power of Board of Standards and Appeals to vary requirements for benefit of single property owner.*

*Matter of Stillman* v. *Board of Standards & Appeals,* 222 App. Div. 19, affirmed.

(Argued February 21, 1928; decided March 27, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 2, 1927, which reversed, on certiorari, a determination of the Board of Standards and Appeals of the city of New York granting the application of appellant Fortieth Street and Park Avenue, Inc., for a variance of the building zone resolution in force in the city of New York so as to permit it to erect and maintain a business building in a residence district. The Appellate Division held that the Board of Standards and Appeals was without power to vary a zoning requirement because it would benefit a single owner to remove a restriction.

*George P. Nicholson, Corporation Counsel (Elliot S. Benedict, J. Joseph Lilly* and *William T. Kennedy* of counsel), for Board of Standards and Appeals, appellant.

*Charles L. Craig* for Fortieth Street and Park Avenue, Inc., appellant.

*E. De T. Bechtel* for Joseph F. Stillman et al., respondents.

*Kenneth M. Spence* for Austin G. Fox, respondent.

*M. G. Holstein* for 104 East Fortieth Corporation, respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MYRTLE B. LYNCH, Doing Business under the Firm Name of MYRTILES, Appellant, *v.* AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK, Respondent.

*Insurance — policy insuring merchandise against loss while in custody of any transportation company — bags stolen from taxicab in which insured was a passenger — not in custody of carrier within meaning of policy.*

*Lynch* v. *Am. Eagle Fire Ins. Co.*, 220 App. Div. 196, affirmed.
(Argued February 21, 1928; decided March 27, 1928.)

APPEAL from a judgment, entered April 15, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and directing a dismissal of the complaint. The action was to recover upon a policy of insurance " on trunks and samples of merchandise " in the charge or control of the assured or their traveling representatives " while in the custody of any transportation company, or while in automobiles, or while in the custody of any common carrier in transit," subject to the exception that it did not insure against loss by theft " of property in the custody of the assured or their traveling representatives and/or on railroad cars, steamship, or other carriers or conveyances." Plaintiff placed bags containing merchandise in a taxicab in which she was a passenger and on arrival at her destination alighted leaving the bags therein. On her return after five minutes she found the bags had been stolen.