In the Matter of LANSING P. REED et al., Appellants, against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents, and WILTHAN REALTY CORPORATION, Respondent.

(Argued December 4, 1930; decided January 6, 1931.)

*Lawrence R. Condon* for appellants. The motion being one to quash the petition, all of its allegations must be deemed to be true. The petition is clearly sufficient as a matter of law. (*People ex rel. Erie R. R. Co. v. Tax Comm.*, 246 N. Y. 322; *People ex rel. Poor v. O'Donnel*, 139 App. Div. 83; 200 N. Y. 519; *People ex rel. Bonnell v. Board of Assessors*, 109 N. Y. Supp. 991; 127 App. Div. 851; 193 N. Y. 248; *Matter of City of New York v. Nickson*, 111 Misc. Rep. 244; *People v. New York Assessors*, 109 N. Y. Supp. 991.) The Board of Standards and Appeals had no right, power or authority either to entertain or to grant the application of the Wilthan Realty Corporation, in the light of its denial of a prior similar application. (*People ex rel. McGarry v. Walsh*, 213 App. Div. 289; *People ex rel. Swedish Hospital v. Leo*, 120 Misc. Rep. 355; 215 App. Div. 696; *Matter of Riker v. Walsh*, 225 App. Div. 570; *Matter of Hall v. Walsh*, 221 App. Div. 756; *Matter of Riverside St. Clair Corporation v. Walsh*, 131 Misc. Rep. 652; 231 N. Y. Supp. 870.) The Board of Standards and Appeals was without power or jurisdiction to vary the application of the use district regulations under section 7 (c) of the Building Zone Resolution alone, there being no evidence of practical difficulties or unnecessary hardships, and no evidence of any unusual condition or emergency warranting the variation of the provisions of the Building Zone Resolution. (*People ex rel. Sheldon v. Board of Standards & Appeals*, 234 N. Y. 484; *People ex rel. Werner v. Walsh*, 212 App. Div. 640; 240 N. Y. 689; *Matter of Sloane v. Walsh*, 245 N. Y. 208; *People ex rel. Fordham Manor Reformed Church v. Walsh*, 244 N. Y. 280; *People ex rel. Facey v. Leo*, 110 Misc. Rep. 516; 230 N. Y. 602; *Matter of Riverside St. Clair Corp. v. Walsh*, 131 Misc. Rep. 652; 225 App. Div. 655.) The

Board of Standards and Appeals had no right, on the merits, to grant the application, and in so doing the Board of Standards and Appeals abused its discretion and acted illegally, arbitrarily and capriciously, and its decision was wholly unsupported by the evidence. (*Matter of Stillman*, 222 App. Div. 19; 247 N. Y. 699; *Matter of 4672 Broadway Corp.* v. *Board of Standards & Appeals*, 225 App. Div. 97; 250 N. Y. 571.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly, Henry J. Shields* and *William T. Kennedy* of counsel), for Board of Standards and Appeals, respondent. The controverted allegations of the petition may not be deemed to be true. (*Bernstein* v. *Kritzer*, 253 N. Y. 410; *National Cash Register Co.* v. *Remington Arms Co.*, 242 N. Y. 99; *Newburger* v. *American Surety Co.*, 242 N. Y. 134; *Schieffelin* v. *Hylan*, 229 N. Y. 633; N. Y. Const. art. 6, § 7; Civ. Pr. Act, §§ 584, 589, subd. 2, 1304; *People ex rel. L. I. R. R. Co.* v. *Tax Commrs.*, 231 N. Y. 221; *People ex rel. Colgate Inn, Inc.,* v. *Assessors*, 132 Misc. Rep. 506; *People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280; *People ex rel. Werner* v. *Walsh*, 212 App. Div. 635; 240 N. Y. 689; *Prendergast* v. *New York Tel. Co.*, 262 U. S. 43.) The Board of Standards and Appeals had jurisdiction of the subject-matter of the determination. (Civ. Pr. Act, § 1304, subd. 1.) No rule of law affecting the rights of the parties was violated to the prejudice of the appellants, in the making, by the Board of Standards and Appeals, of the determination. (*Seattle Trust Co.* v. *Roberge*, 278 U. S. 116; *Euclid* v. *Ambler Realty Co.*, 272 U. S. 365; *Matter of Wolfsohn* v. *Burden*, 241 N. Y. 288; *Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 546; 237 N. Y. 617; *City of Utica* v. *Hanna*, 202 App. Div. 610; *People ex rel. Reinert* v. *Miller*, 188 App. Div. 113; *Nectow* v. *Cambridge*, 277 U. S. 183; *People ex rel. Beinert* v. *Walsh*, 188 App. Div. 113; *Matter of Collins* v. *Walsh*, 253 N. Y. 594; 254 N. Y. 46; *People ex rel. Hotchkiss* v.

*Supervisors,* 65 N. Y. 222; *Matter of Equitable Trust Co.* v. *Hamilton,* 226 N. Y. 241; *People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87; 250 N. Y. 598; *People ex rel. Facey* v. *Leo,* 230 N. Y. 602; *People ex rel. Helvetia Realty Co.* v. *Leo,* 231 N. Y. 619; *People ex rel. Sheldon* v. *Board of Appeals,* 234 N. Y. 484; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635; 240 N. Y. 689; *Goldenberg* v. *Walsh,* 242 N. Y. 576; *Matter of Sloane* v. *Walsh,* 245 N. Y. 208; *Matter of Wilkins* v. *Walsh,* 225 App. Div. 774; 251 N. Y. 518.) The facts necessary to be proved in order to authorize the making of the determination were amply established by competent proof. (*Matter of Plass* v. *C. N. E. Ry. Co.,* 226 N. Y. 449; *Salvin* v. *Myles Realty Co.,* 227 N. Y. 51; *Matter of Woodruff* v. *Howes Constr. Co.,* 228 N. Y. 276; *People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280; *People ex rel. Healy* v. *Leo,* 194 App. Div. 97.)

*William S. Andrews, Nathan Burkan, William Klein* and *Leopold Friedman* for Wilthan Realty Company, respondent. Allegations of fact contained in the petition are not admitted. (*People ex rel. Erie Ry. Co.* v. *Tax Commission,* 246 N. Y. 322; *People ex rel. Poor* v. *Wells,* 139 App. Div. 83; *People ex rel. Brownell* v. *Board,* 127 App. Div. 851; *People* v. *French,* 6 N. Y. Supp. 431.) On the last application the aspects of the case were materially changed from those first passed upon. (*Matter of Riverside, etc., Corp.* v. *Walsh,* 131 Misc. Rep. 652; 225 App. Div. 655; *Matter of Vessel* v. *Walsh,* 225 App. Div. 742; *Matter of Hall* v. *Walsh,* 221 App. Div. 756; *Matter of Ficari* v. *Walsh,* 226 App. Div. 441; *Matter of McGarry* v. *Walsh,* 213 App. Div. 289; *People ex rel. Swedish Hospital* v. *Leo,* 120 Misc. Rep. 355; 215 App. Div. 696; *Matter of Riker,* 225 App. Div. 570.) Under section 7 (c) of the Zoning Resolution the Board had authority in its discretion to vary the regulation. (*People ex rel. Church* v. *Walsh,* 244 N. Y. 280; *People ex rel. Smith* v. *Walsh,*

240 N. Y. 606; *People ex rel. Sheldon* v. *Walsh*, 234 N. Y. 484.) Under section 7 (c) the Board was justified in reaching its decision. (*People ex rel. Church* v. *Walsh*, 244 N. Y. 280; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330; *People ex rel. Healy* v. *Walsh*, 194 App. Div. 973.)

POUND, J. The question is whether the Board of Standards and Appeals of the City of New York, respondent, properly granted an application of Wilthan Realty Corporation, intervenor, respondent, for leave to erect a theatre on its plot of land constituting the entire block front on the westerly side of Third avenue, running 130 feet deep on Seventy-second street and 133.4 feet on Seventy-first street. The proposed theatre is to have 204 feet, 4 inches, frontage on Third avenue, with a depth of 125 feet on Seventy-second street and 119 feet, 8 inches on Seventy-first street. Under the Building Zone Resolution all property abutting on Third avenue and for 100 feet westerly on the side streets is within the business district. A portion of the proposed theatre, therefore, extends into the residence district 25 feet on Seventy-second street and 19 feet 8 inches on Seventy-first street.

After a public hearing the application was granted under section 7 (c) of the Building Zone Resolution, which reads as follows:

 " § 7. Use District Exceptions. The Board of Appeals, created by Chapter 503 of the Laws of 1916, may, in appropriate cases, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent as follows:

" * * *

" (c) Permit the extension of an existing *or proposed* building into a more restricted district under such conditions as will safeguard the character of the more restricted district."

.Conditions deemed suitable by the Board were adopted to safeguard and preserve the general character of the neighborhood and to minimize the inconvenience of having the theatre extend beyond the line of business use.

This action was taken after the fair hearing to which the opposition was entitled as matter of law. (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 245 U. S. 345, 348.) Although the chairman of the Board displayed at times some impatience towards the counsel for the petitioner, no evidence of bias or favoritism appears on the record.

The appellant Reed, a neighboring property owner, then obtained an order of certiorari to review the determination of the Board. Others have joined with him as interveners. After the return had been filed to the petition for the order, a motion returnable at Special Term was made on the petition, order, answer and return, for a final order " quashing the order of certiorari issued herein, dismissing the petition herein and confirming the determination of said Board of Standards and Appeals on the merits and for such other and further relief as to the Court shall seem just and proper."

The Special Term made an order confirming the decision of the Board of Standards and Appeals and further ordered " that the said certiorari order be and the same hereby is quashed and all proceedings thereunder dismissed."

The appellants make the point that " the motion being one to quash the petition (order of certiorari), all of the allegations of the petition must be deemed to be true. The petition is clearly sufficient as matter of law." (*People ex rel. Erie R. R. Co.* v. *State Tax Commission*, 246 N. Y. 322.)

A motion to quash is in the nature of a demurrer to the petition and is not properly made after the return is filed. If the papers on which the order of certiorari was granted are insufficient in law upon their face, a motion

may be made to vacate or quash the order. The hearing at Special Term in this case was not limited to an attack on the petition. It was on the merits. Subject to certain limitations not present in this case " the return must be taken as conclusive and acted on as true." (*People ex rel. Lester* v. *Eno*, 176 N. Y. 513, 518.) The hearing was upon the order and return and the papers upon which the order was granted. (Civ. Prac. Act, § 1300.) The final order confirmed the determination of the Board. (Civ. Prac. Act, § 1305.) Clearly the word " quash " was inadvertently used both in the moving papers and in the order in the sense of the word " vacate." Writs of certiorari are no longer granted. In certiorari proceedings the courts formerly quashed writs where they now vacate orders. The writ nomenclature has become obsolete with the writ itself.

The further point is made that the Board had no jurisdiction to entertain the application because it had in July, 1927, denied the application of the respondent-intervener upon the same state of facts and that such decision was final, and not subject to review by the Board itself. Whether or not the function of the Board is to decide cases with finality on the same facts once presented for its consideration, if new plans materially change the aspects of the case, a new application may be made and a new determination had. (See *Matter of Riker* v. *Board of Standards & Appeals*, 225 App. Div. 570.) The plans on which the Board passed on July 17, 1928, were not the same as those submitted in 1927. True the Board had power in 1927 to make changes in the plans which it desired or deemed necessary as a condition of granting the application but it did not exhaust its jurisdictional powers by denying the application. If it deemed the plans inadequate to justify favorable action thereon it might wait until proper plans were submitted on a new application, or it might exercise its power to enlarge upon the plans and approve them as thus modified.

We must assume that the new plans materially changed the aspect of the original case for they do purport to introduce numerous details which were not provided for in the original plans and which are deemed to be material until the contrary is demonstrated. The Board may " give weight to slight differences which are not easily discernible." (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 336.)

The chief contention of the appellant on the merits is: " that if the premises 182 and 184 East Seventy-second street and 183 and 185 East Seventy-first street are used for residence purposes in conformity with the improvements now actually existing, they would yield a fair return on the investment of the applicant, and that in the event that the owner desired to demolish these premises, the sites upon which the improvements now stand are most adapted for high class apartment house purposes and not for any business use." He thus seeks to refer an application under section 7 (c) of the Building Zone Resolution to the rule frequently stated where the application is made under Building Zone Resolution, section 21 — that is to say, that the Board may not consider the advantage to a single property owner which would come from a modification of the resolution; that whether the property under consideration is more suitable for a forbidden use than for a permitted one is immaterial. (*Matter of Stillman* v. *Board of Standards & Appeals*, 222 App. Div. 19; affd., 247 N. Y. 599.) But sections 7 and 21 are independent provisions conferring distinct and separate powers upon the Board. When the application is made under section 21, it must be shown that " there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution " which justify a variance in a specific case, but the mere fact that the property may be put to a more profitable use is not enough to justify the Board in granting the variance. If it were, the whole scheme of the resolution

would be at the mercy of the Board. When the application is made under section 7 and the appropriate subdivision thereof the field of inquiry is restricted. It is not necessary to allege or prove the facts required when the application is made under section 21 nor for the Board to make a decision thereon. The Board must in each case act on some reasonable basis in harmony with the general purpose of the resolution. Nothing more is required. (*People ex rel. Smith* v. *Walsh,* 211 App. Div. 205; affd., 240 N. Y. 606.) Under section 7 (c) the element of " public health, safety and general welfare " is not emphasized as in section 21, although it may well be taken into consideration. The question of hardship to the individual owner becomes a more material element in the determination of the application. May he be allowed " under such conditions as will safeguard the character of the more restricted district " to extend his " existing or proposed building into a more restricted district? " The variation may be made to meet the specific case in order to enable the owner to make a reasonable and profitable use of his property if it can be done without violence to the general zoning plan and without causing substantial inconvenience to the immediate neighborhood, although the applicant has no right to insist upon a decision in his favor.

A theatre 100 feet deep would in a legal sense be no intrusion on the restricted district, however undesirable it might be as a neighbor. Given the proposed extension of a legal building into a more restricted district, two fundamental considerations must prevail in order to enable the Board to proceed under section 7 (c). The general purpose of the zoning resolution must be respected and the more restricted district must be safeguarded. It is probable, at least possible, that a theatre 150 feet deep with main exits on the streets in the restricted district would be, as matter of law, so out of harmony with the general purpose of the zoning

resolution as to make it impossible to safeguard the character of the more restricted district. If so, a decision in favor of the applicant might be held an arbitrary act, an abuse of discretion. The question is one of degree. The line must be drawn somewhere. This case may be near the border line. If the Board may permit the building to be erected to be extended a foot or so into the more restricted district, it does not follow that it may permit the building so to be extended indefinitely. The rule of reasonableness must be applied. The Board has a wide scope in the exercise of its discretion whenever the discretion to make variances is granted to it. (*Matter of Goldenberg* v. *Walsh*, 242 N. Y. 576; *People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280, 289.) If such an application is denied the only question for the court is whether the petitioner has been *illegally* oppressed. (*Matter of Larkin Co.* v. *Schwab*, *supra*, p. 336.) When the application is granted the question of power only is to be considered. Is the action of the Board unjustifiable as matter of law under the specific provisions of the zoning resolution relied on? As matter of law it cannot be said that the action of the Board permitting the extension of the proposed theatre into the more restricted district under section 7 (c) is without evidence to support it. As the Board acted within its jurisdiction, its determination is not to be set aside. The order should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.