In the Matter of the Application of TENLAN REALTY CORPORATION and Another, Appellants, against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, and HARRIS H. MURDOCK, Chairman, and Others, the Members Thereof, Respondents, and TREEVERSE REALTY CORPORATION, Intervenor, Respondent.

First Department, June 11, 1937.

*Abraham J. Halprin,* for the appellants.

*Seymour B. Quel* [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondents.

*Milton S. Hoffman,* for the intervenor, respondent.

PER CURIAM. In 1927 the board of standards and appeals, under section 21 of the Amended Building Zone Resolution (the " hardship " section), granted leave to locate stores in certain premises on the southwest corner of University avenue and Tremont avenue, Bronx, in a district zoned for residence purposes. In granting the variance, however, the board expressly prohibited any roof signs on the premises. In 1936 the present intervenor, a new owner, applied to the commissioner of buildings for permission to erect a roof sign, but he denied the application on the ground that the premises were located in a residence district, and that the variance in 1927 expressly prohibited such signs.

The board of standards and appeals reopened the case in June, 1936, and, after a public hearing, granted a further variance permitting, on the ground of unnecessary hardship under section 21, the erection of an illuminated sign one hundred feet long and twelve feet high on the roof of the premises. The only evidence adduced at the hearing to substantiate the claim of undue hardship was a letter from the owner giving certain facts and figures regarding the income and expenses of the property for the year ending June, 1936, showing an income of $22,529.17 and expenses of $21,569.24. A representative of the owner stated that the property was " just about carrying itself " and, in answer to a question of the chairman of the board as to whether the condition was different from other stores in the area, stated, " All suffering."

The appellants, owners of adjacent apartment houses used exclusively for residental purposes, opposed the variance, claiming that this enormous illuminated sign, burning throughout the night in the rear of their apartments, would have a most serious effect on their property, causing tenants to vacate; that the board was without jurisdiction to reopen the matter as no change in circumstances had been shown; that there were no facts adduced on the merits to permit a variance under section 21; and they also requested an adjournment for the purpose of having the applicant appear and submit himself to an examination on the alleged hardship and the claimed financial distress of the property. They also claim that a second mortgagee was the real owner of the property and was earning seven per cent on his investment.

The adjournment was refused, and the board thereupon granted the variance, the chairman not voting but consistently adhering to the opinion that the proper procedure, in view of the conditions in the district, was an application to the board of estimate to extend the business use therein.

The board, in its return, stated, among the reasons for granting the application, that the entire area had either been zoned for business or varied by the board from time to time for non-con-

forming uses; that across the avenue there was a theatre with illuminated signs; that the location is on busy noisy thoroughfares where there are gas station lights and traffic lights.

There was no proper basis for a variance under section 21 on the facts in this record. In *Matter of Stillman* v. *Board of Standards & Appeals* (222 App. Div. 19; affd., 247 N. Y. 599) this court said: "The board seems to have assumed that this modification of the zoning resolution for the benefit of a single property owner could be made because it was advantageous to the particular owner. The number of appeals to this court in this class of cases prompts us to restate that there is no power in the board of standards and appeals to vary zoning requirements for any such reason. It may vary 'where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions' of the resolution, 'so that the public health, safety and general welfare may be secured and substantial justice done.' (Building Zone Resolution, § 21.) These are the only criteria by which it must make its decision; whether the property under consideration is more suitable for a forbidden use than for a permitted one is immaterial."

In *Matter of Young Women's Hebrew Assn.* v. *Board of Standards & Appeals* (266 N. Y. 270) the Court of Appeals has stated the rule as follows: "A variation under section 21 must do 'substantial justice.' To that end, the section, so far as is practically possible, must affect alike all persons in the same situation. Equality of privileges is a basic principle of government. To cure by exemption in his case the loss resulting to one owner from general deterioration of a neighborhood is to depreciate the adjacent properties of other owners, and is unjust also to those whose properties remain subject to the same restriction in other localities likewise impaired. Moreover, such a theory of variation would in the long run defeat the general purpose of a zoning law. We are in accord with the reasoning of the Supreme Judicial Court of Massachusetts in *Prusick* v. *Board of Appeal* (262 Mass. 451), where RUGG, Ch. J., said for the court (p. 457): 'It is manifest from the general purpose underlying any zoning act * * * that the power to vary the application of the act is to be exercised sparingly. Exceptional circumstances alone justify relaxation in peculiar cases of the restrictions imposed by the statute. The dominant design of any zoning act is to promote the general welfare. * * * The stability of the neighborhood and the protection of property of others in the vicinity are important considerations. The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public.' "

In *Matter of Reed* v. *Board of Standards & Appeals* (255 N. Y. 126) the court stated that "the mere fact that the property may be put to a more profitable use is not enough to justify the Board in granting the variance. If it were, the whole scheme of the resolution would be at the mercy of the Board."

These authorities are controlling in the case at bar.

The hardship in this case, if the variation should be granted, would be on owners of adjacent property. The erection of an illuminated sign one hundred feet long by twelve feet high on top of a one-story taxpayer and the installation and permitted use of glaringly bright electric lights would be so annoying to occupants of adjacent properties used exclusively for residential purposes as practically to constitute a nuisance to them; it would also affect adversely the value of property in this residental district. By particular exceptions such as this the desirability of property for residental purposes has been lessened in this section of the city and values accordingly depreciated. Further exception should not be permitted unless by proper proof the required factual basis for a variance under section 21 is clearly established.

Here no facts were adduced to establish even a *prima facie* claim of unnecessary hardship on the part of the particular owner who applied for the variance. The case did not warrant " exercise of the delicate jurisdiction to vary, on the basis of unnecessary hardship, the applicable provision of the zoning resolution." (*Matter of Young Women's Hebrew Assn.* v. *Board of Standards & Appeals, supra.*)

Accordingly, the order of the Special Term vacating the order of certiorari should be reversed, with twenty dollars costs and disbursements to the appellants against the intervenor, respondent, the certiorari order sustained, and the determination of the board of standards and appeals annulled.

Present — MARTIN, P. J., O'MALLEY, DORE, COHN and CALLAHAN, JJ.; CALLAHAN, J., dissents and votes for affirmance.

CALLAHAN, J. (dissenting). The court at Special Term upheld the board's determination on the ground that, even though the court might not itself believe the changes since 1927 to be substantial, the issue was " whether there was any basis for the exercise of judgment." It found no adequate ground for denouncing the board's action as arbitrary, oppressive or unfair and accordingly upheld it. I think that the court below was correct.

It has been said that the power of review in zoning law cases should be exercised cautiously by the court at Special Term and it " is not to substitute its own discretion for that of the adminis-

trative agency established by the statute in a situation where the exercise of discretion is possible." (*People ex rel. St. Albans-S. Corp.* v. *Connell*, 257 N. Y. 73, 80, 81.) The court will not interfere with the discretion of the board, but the return must show a basis for exercise of judgment. (*Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347.)

It is undisputed that in 1927 the board granted a variation of the Amended Building Zone Resolution permitting the erection of a two-story building with business use in the street floor, but providing that there shall be no roof signs on the building. However, a building of only one story was erected and the board now certifies that a roof sign will occupy less space than a second story and should be permitted. The original variance was under the " hardship " section, and the determination of the board has never been reviewed upon certiorari. It must be assumed that the variance granted in 1927 was based on proof of unnecessary hardship, and within the power of the board of standards and appeals. (*People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484.) The board having already sanctioned a non-conforming use, it seems to have been the proper procedure to ask that body to alter one of their conditions rather than to have the board of estimate reclassify the neighborhood. In *Matter of Reed* v. *Board of Standards & Appeals* (255 N. Y. 126) the point was raised that the board had no jurisdiction to entertain an application because it had previously denied the application upon the same state of facts and that such decision was final, and not subject to review by the board itself. The court said (at p. 133): " Whether or not the function of the Board is to decide cases with finality on the same facts once presented for its consideration, if new plans materially change the aspects of the case, a new application may be made and a new determination had. (See *Matter of Riker* v. *Board of Standards & Appeals*, 225 App. Div. 570.) "

In the instant case the " unnecessary hardship " was established in 1927, and under the amendment sought in 1936, new proof of " unnecessary hardship " was unnecessary. There was sufficient proof to show that conditions in the neighborhood had changed so as to justify the amendment by the board of standards and appeals of its prior determination in respect to the detail involved herein.

The order appealed from should be affirmed.

Order reversed, with twenty dollars costs and disbursements to the appellants against the intervenor, respondent, the order of certiorari sustained and the determination of the board of standards and appeals annulled.