In the Matter of the Estate of ARAMINTA MILLER, Deceased. JOHN D. PITTS, as Administrator of the Estate of ARAMINTA MILLER, Deceased, Appellant; WILLIAM JUNGER, Respondent.— Decree of the Surrogate's Court, Orange County, directing appellant to turn over a bond to respondent, unanimously affirmed, with costs to respondent, payable out of the estate. It cannot be said, as matter of law, that respondent made a gift of the bond to the deceased. The decision of the Surrogate is not against the weight of the evidence. Present — Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ. [199 Misc. 408.]

■

In the Matter of ISABEL B. PFORZHEIMER et al., Respondents, against GEORGE I. SEIDMAN et al., Constituting the Board of Appeals of the Incorporated Village of Woodsburgh, Nassau County, Appellants.— Final order in a proceeding under article 78 of the Civil Practice Act vacating and annulling the determination of the board of appeals of the village which denied respondents' application for a variance of the building zone ordinance of the village to permit the use of premises in a Residence D district for an apartment house, with temporary septic tanks and cesspools, pending construction of street sewers; and for an extension of the less restricted use portion of the premises into the more highly restricted portion thereof, reversed on the law and the facts, with $50 costs and disbursements, the petition dismissed and the determination of the board of appeals confirmed, without costs. The constitutionality or legality of the pertinent zoning regulation was not presented by this proceeding to review the determination of the board of appeals. (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221, 227; *Baddour* v. *City of Long Beach*, 279 N. Y. 167, 177; *Brous* v. *Town of Hempstead*, 272 App. Div. 31, 33; *Matter of Robusto* v. *Tibbetts*, 277 App. Div. 1008.) The proof adduced by respondents at the hearing before the board did not establish that the use of the premises for one of the uses permitted in the D district would not yield a reasonable return, nor that respondents' plight was due to circumstances unique to the premises in question. (*Matter of Otto* v. *Steinhilber*, 282 N. Y. 71, 76.) The proof established that the alleged hardship of which respondents complain was one common to all the properties in the Residence D district. The board acted within the discretion granted to it, and this record presents no proof that respondents have been illegally oppressed. (*Matter of Reed* v. *Board of Standards and Appeals*, 255 N. Y. 126, 136.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.

■

In the Matter of the Accounting of SAMUEL M. KOOKOGEY et al., as Executors of ROBERT A. PRUDEN, Deceased. NEW YORK ASSOCIATION FOR THE BLIND et al., Appellants; ERNEST L. PRUDEN, Respondents.— Appeal from that part of a decree of the Surrogate's Court, Kings County, which ordered that objections filed by appellants to the account of respondents be dismissed, insofar as said decree sustained the payment by respondents to their attorney for his services and disbursements. Decree, insofar as appealed from, unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ.