George P. Stier, J.
Separate motions by the respondents, constituting the Board of Standards and Appeals of the City of New York, and the intervenors, to vacate the order of certiorari obtained by the petitioners, dismiss their petition and sustain the determination of the respondent board which granted a variance of use regulations so as to permit the erection and maintenance of a gasoline service station and related uses under subdivision (e) of section 7 of the Zoning Resolution for a period of 15 years.
There was a full hearing, at which those in opposition were afforded adequate opportunity to make statements and interpose objections. An inspection of the site and neighborhood was made by a committee of the board, which thereupon unanimously granted the variance under review with certain conditions and safeguards, more fully set forth in the resolution embodying the determination under review.
Among the grounds urged for the reversal of the determination is the claim that the “ granting of a variance should only be given sparingly and in exceptional cases where a hardship can be shown”. Petitioners overlook, however, that an application under section 7, pursuant to which the variance herein was sought and granted, is different from that under section 21 of the Zoning Resolution. As was stated by the Court of Appeals in Matter of Reed v. Board of Standards & Appeals (255 N. Y. 126, 134-135): “When the application is made under section 21, it must be shown that ‘ there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution ’ which justify a variance in a specific case, but the mere fact that the property may be put to a more profitable use is not enough to justify the Board in granting the variance. * * * When the application is made under section 7 and the approprite subdivision thereof, the field of inquiry is restricted. It is not necessary to allege or prove the facts required when the application is made under section 21 nor for the Board to make a decision thereon. The Board must in each case act on some reasonable basis in harmony with the general purpose of the resolution. Nothing more is required.”
The record shows that the board has acted upon a reasonable basis and on sufficient evidence to permit the exercise of its discretionary powers under subdivision (e) of section 7 of the Zoning Resolution. Since it acted within its jurisdiction, its determination cannot be set aside (Matter of Douglaston Civic Assn. v. Board of Standards & Appeals, 278 App. Div. 659, 660, affd. 302 N. Y. 920) and the court’s judgment substituted for *569 a body “ of men with special qualifications of training and experience.” (People ex rel. Fordham M. R. Church v. Walsh, 244 N. Y. 280, 287.)
The fact that the intervenors have sold the property after the variance was granted does not affect this proceeding which under chapter 27 of the Administrative Code of the City of New York is directed to the respondent board. Moreover, section 83 of the Civil Practice Act provides, in substance, that in the case of a transfer of an interest an action may be continued by or against the original party unless otherwise directed by the court.
The respective motions by the respondents are, therefore, granted, the order of certiorari vacated, the petition dismissed on the merits and the determination under review confirmed, without costs.
Submit order.