Jacob Schwartzwald, J.
Petitioners as objecting property owners in this certiorari proceeding seek a review of the determination of the Board of Standards and Appeals of the City of New York which granted a use district variation of the zoning regulations so as to permit the erection of a gasoline station and uses lawfully accessory thereto, in a business area. The respondent board and the intervenor property owner each move to vacate the order of certiorari, to dismiss the petition and to affirm the board’s determination.
The subject corner premises, known as 1043-1059 McDonald Avenue and 101-111 Foster Avenue in this borough, is in a “ business ” use district. Gleaned from the return is the fact that a prior owner’s application for the same variance of use district regulations was denied by the board on March 2, 1954. The instant application differs only in that this applicant intervenor property owner acquired an additional lot, thereby increasing the subject site and giving it greater egress and ingress. Both applications are substantially the same and grounded on an appeal to the discretion of the board pursuant to section 7(f) of the zoning resolution. The pertinent section refers to the use made of the site. Numerous objections were filed by abutting property owners affected by the application, and after public hearings and inspections by the board’s committees of the site and the neighborhood, the majority of the respondent board voted to grant the application for a period of 15 years, subject to certain conditions and safeguards imposed by the board, which determined that the granting of the application under the circumstances disclosed in the return would be in harmony with the general purposes and intent of the zoning resolution.
*428 On the question of jurisdiction, I find movants’ contention untenable. With the passing of time, more than five years here, it would logically and reasonably expect progress and improvement in this area. However, the converse resulted, for the board found, and the return shows, and the evidence substantiates the fact that conditions of the neighborhood in the subject area were undergoing a change from business use to industrial. Such changed property conditions, as here, are sufficient and proper for the board to reconsider and, if satisfied, change its prior determination (Matter of Ficaro v. Walsh, 226 App. Div. 441).
From an examination of the submitted papers and the return, it appears that respondent board rejected proof as to depreciation of values of the surrounding properties, and decided the matter on personal knowledge of the pertinent locale. The board contends, inter alia, that the area is so changed since 1954 that its determination by reason of this personal knowledge is justified, since it found the trend of the area is away from “ business ” and towards “ industrial ” and having on at least three occasions in 1956 and 1957 recognized the need for additional gas stations as the result of increased automobile traffic in the area; and that it cannot shut its eyes to the fact that changing conditions and progress in such area must be recognized.
When the application is granted, the question of power only is to be considered (Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126, 136). Being cognizant of the fact that respondent board “ is made up of men with special qualifications of training and experience” (People ex rel. Fordham Manor Reformed Church v. Walsh, 244 N. Y. 280, 287) it may act of its own knowledge. Thus, as the result of the hearings and inspections, the return establishes that the business area of 1954 has progressively shown a change, and on the basis of “ sufficient substantial new facts ’ ’ albeit by nonconforming use, -towards an industrial area. It is not denied that the board is vested with wide discretion in these matters and the power granted it by statute may not be usurped nor reduced, except if such power is employed unlawfully, unreasonably or arbitrarily. In granting a variance from use district regulations, the board must act od some reasonable basis in harmony with the general purpose of the zoning regulations. “ The rule of reasonableness must be applied. The board has a wide scope in the exercise of its discretion whenever the discretion to make variances is granted to it.” (Matter of Goldenberg v. Walsh, 242 N. Y. 576; People ex rel. Fordham Manor Reformed Church v. Walsh, *429 supra.) W'h-at may not be overlooked nor ignored is tbe premise tbait it is primarily for the board to determine whether or not there were new facts or change (Matter of Vesell v. Board of Stds. & Appeals, 137 Misc. 806, affd. 225 App. Div. 742).
As further evidence that the board’s decision was made after full consideration of all the facts and did not act capriciously, is the fact that it imposed safeguards, restrictions and precautions upon the owner as a condition to the grant of a variance. “ The Board must in each case act on some reasonable basis in harmony with the general purpose of the resolution. Nothing more is required.” (Matter of Reed, supra, p. 135, cited in Matter of Kohnberg v. Murdock, 10 Misc 2d 567, 568, affd. 6 A D 2d 876, affd. 6 N Y 2d 937.) As in the Kohnberg case, petitioners argue, inter alia, that respondent board’s grant of a variance was an illegal, unconstitutional delegation of legislative power, an abuse of discretion and was arbitrary. The Court of Appeals, in the latter case, held such premise to be without merit, sustaining the court below and Special Term. On this record, therefore, I am impelled to the conclusion that the board acted upon a reasonable basis and on sufficient evidence to permit the exercise of its discretionary powers under section 7 of the zoning resolution (Matter of Sima v. Board of Stds. & Appeals, 278 App. Div. 785; Matter of Rutland Parkway v. Murdock, 241 App. Div. 762).
Therefore the motion to vacate the order of certiorari and to dismiss the petition is granted. Settle order on notice.