George M. Fanelli, J.
This is a proceeding brought, under article 78 of the Civil Practice Act, to review a determination by respondent Zoning Board of Appeals of the City of Yonkers which determination denied petitioner property-owner' a variance so as to permit the use of its vacant lot, located in a residential “ M ” area, for a nonresidential use, to wit: a public parking lot.
After a public hearing and upon the advice of the First Assistant Corporation Counsel, the variance application was denied upon the ground that the board did not have jurisdiction to act upon the application since it appeared to be an application for a change in zone (see letter of Secretary of Zoning Board of Appeals, dated Jan. 21, 1960). While it is not too *246 clear from a reading of the record of the proceedings just what position the First Assistant Corporation Counsel did take, the fact remains that no vote was taken by the members of the board on the merits of the application, and their determination is now sought to be justified by respondents’ memorandum of law which states that the decision made by said counsel was ‘1 purely a question of lom involved as to whether the Board had jurisdiction to hear the application as it appeared on its face to be an application for a change of zone.”
The court is of the opinion that the legal position taken by the board to the effect that petitioner, in reality, sought a rezoning of his property rather than a use variance, is untenable, without merit, and cannot be sustained. The Zoning Board of Appeals of the City of Yonkers had jurisdiction to grant petitioner a use variance. The Legislature has confided in the zoning boards of appeal the discretionary power to “vary or modify” the application of zoning restrictions to individual property owners upon a showing of ‘6 practical difficulties or unnecessary hardships ” (General City Law, § 81, subd. 4; Building Zone Ordinance of the City of Yonkers) and, in pursuance of this policy, the Court of Appeals has defined the essential elements of hardship upon which the grant of a variance must be conditioned (see Matter of Forrest v. Evershed, 7 N Y 2d 256; Matter of Otto v. Steinhilber, 282 N. Y. 71, 76; Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39).
The difficulty with respondents’ position in this matter is that they have failed to distinguish between the power and jurisdiction of a zoning board of appeals to vary or modify the strict letter of a zoning ordinance under appropriate circumstances and the quantum of proof required to sustain the granting of a use variance. In the final analysis, it is not the law which is difficult of understanding or application but rather the application of the law to the everchanging and diversified factual situations presented in each ease. There is no set pattern to which the law may undeviatingly be applied in all cases. For a few examples: Otto v. Steinhilber (supra) dealt with a variance to permit the erection of a larger roller skating ring upon both commercial and residential portions of land; Matter of Crossroads Recreation v. Bros (supra) involved a variance for an extension of an established nonconforming use; in Matter of Stillman v. Board of Stds. & Appeals (222 App. Div, 19, affd. 247 N. Y. 599) a variance was sought to erect an office building in a residential district; in Matter of Clark v. Board of Zoning Appeals (301 N. Y. 86) the owner sought a variance to permit the erection of a funeral home in a residential zoned area; in *247 Matter of Taxpayers’ Assn. v. Board of Appeals (301 N. Y. 215) a variance was sought to erect a commercial boathouse in a residential area; in Matter of Blumberg v. Feriola (8 A D 2d 850, affd. 7 N Y 2d 852) a variance was sought in the City of Yonkers so as to permit the extension of a portion of a proposed supermarket into a residence zone; in Matter of Lathrop v. Feriola (276 App. Div. 850), a variance was also sought in the City of Yonkers so as to permit the alteration and use of premises in a residence district as a convalescent home; i,n Matter of Forrest v. Evershed (supra) a variance was sought to permit the erection of a two-story medical office building upon land located in a residential area. It is noteworthy that in all these cases and in the many, many more decided by the Court of Appeals and the various Departments of the Appellate Division, the question of the power or jurisdiction of a zoning board of appeals to grant a variance in the light of appropriate facts and circumstances was never questioned (see, e.g., dissenting opinion Matter of Clark v, Board of Zoning Appeals, supra). The differences, inter alia, which have arisen from time to time arc with respect to the quantum and sufficiency of the proof adduced by the applicant to show: (1) that the land cannot yield a reasonable return if used only for a purpose allowed in that zone, (2) that the plight of the owner is due to unique circumstances and not to the general conditions of the neighborhood, and (3) that the, use sought will not alter the essential character of the neighborhood. In Matter of Crossroads Recreation v. Broz (supra, p. 48) Chief Judge Conway used the phrase “ fatal failure of proof as to hardship,” and in Matter of Forrest v. Evershed (supra, p. 263) Judge Fboessel referred to “insufficient evidence to support the Board’s findings ” and ‘ ‘ evidence before the Board toas inadequate.” (Emphasis supplied.)
Recently, in the City of New'' Rochelle the Zoning Board of Appeals granted a variance to the extent of giving permission to erect six-story, multi-family dwellings on a parcel of property located partly in a district permitting multi-family dwellings of not more than two and one-half stories and partly in a district permitting single-family dwellings only. The City Council, feeling aggrieved, instituted an article 78 proceeding which was in turn transferred to our Appellate Division. Here, too, the City of New Rochelle, among other things, urged that the determination of the Zoning Board of Appeals constituted a rezoning' under the guise of a variance but the Appellate Division (Matter of Vergara v. Campbell, 8 A D 2d 823) unanimously confirmed the board’s, determination without opinion; motion for leave to appeal denied by the Court of Appeals. (7 N Y 2d 706.)
*248 Accordingly, in the light of the afore-mentioned, respondents’ motion to dismiss the petition because of legal insufficiency is denied, and the determination of the respondent Board of Appeals is annulled, and the matter is remitted to said board for the purpose of holding a new public hearing, upon notice prescribed by law, so that it may exercise its discretion and make a determination on the merits with appropriate findings susceptible of judicial review, based upon the evidence already adduced before it at the public hearing on January 19, 1960, and upon such additional evidence which the parties may, if they be so advised, desire to further submit.