Charles Margett, J.
In this article 78 (Civ. Prac. Act) proceeding to review and annul a determination of respondents granting to the intervenor-respondent a variance under subdivisions (f) and (i) of section 7 of the Zoning Resolution of the City of New York permitting the intervenor-respondent to erect and maintain a gasoline service station in a retail use district, respondents move for an order vacating the order of certiorari, dismissing the petition and affirming their determination.
The intervenor-respondent has held title to the property in question since February 18, 1953. Said property (Lot 5, Block 4697) is located in Whitestone. It is an unimproved, irregular plot of the following footage: 86.20 by 105.93 by 85 by 120, the latter fronting on Clintonville Street. The block in which the site is situated is bounded on the north by 14th Road, on the east by Clintonville Street, on the south by the Cross Island Parkway and on the west by 150th Place. Lot 5 of Block 4697 is completely surrounded by Lot 3 in the same block, which is also undeveloped and is owned by the intervenor-respondent who proposes to develop it as an additional free parking lot for the patrons of the developed shopping center across the street. Abutting the south lot line of the aforesaid Lot 3 is Lot 8, upon which the intervenor-respondent proposes to erect an automatic auto laundry, referred to above, pursuant to a variance already granted by the respondents. Those three lots, 3, 5 and 8, make up about one half of Block 4697. There are in the affected surrounding area three additional large undeveloped plots, one on the westerly side of Clintonville Street and two on the easterly side.
The site and the Cross Island Parkway are in a retail use, D area; Clintonville Street is in a business and retail use, D area, and 14th Road is in a business, retail and residence use, D area. The present zoning of the site involved herein and the affected surrounding area resulted, from an application by the intervenor-respondent to the City Planning Commission (when said respondent was merely the equitable owner of the greater part *382 of the property located in the affected surrounding area, which was in the main undeveloped) in order to erect and maintain a comprehensive shopping center, including ample free parking facilities for tenants, employees and patrons, as well as facilities for an automatic auto laundry and gasoline service station to service the cars of patrons of the shopping center. Of course, the plan for the automatic uses could not be carried out until a variance was obtained.
A large shopping center with two entrances along the easterly side of Clintonville Street is directly across the street from the site in question and is fully developed with three large one-story buildings and two large parking facilities, in addition to the provision of a space for loading and unloading for the supermarket located within one of said buildings. A variance permitting the erection and maintenance of an automatic laundry on Lot 8 of Block 4697 has already been obtained by the intervenor-respondent. When erected, it will run the length of Block 4697, facing the entrances to the shopping center on the easterly side of Clintonville Street and an existing gasoline service station on the northwesterly corner of 150th Place and the Cross Island Parkway. There are four gasoline service stations within the affected area, almost on its perimeter, and nine others in areas abutting and surrounding the affected area.
Clintonville Street is a heavily trafficked cross-town arterial highway linking motor vehicle traffic with other cross-town arterial highways running south of the site involved herein, such as the Cross Island Parkway, 154th Street, 160th Street, 163rd Street and Francis Lewis Boulevard. Both the east and west sides of Clintonville Street between 14th Road and 14th Avenue in the affected surrounding area are located in a business use district and can be developed at will for business use. The residences in the affected area cannot support the maintenance of the large shopping center and business, therefore, must necessarily be drawn from surrounding and outlying residential areas. In order to attract such patrons for the shopping center, it is essential that adequate facilities for the servicing of their vehicles be made available. The existing gasoline service stations within and without the affected area, in addition to being too remote from the shopping center, are also too small and inadequate.
In subparagraphs (a) through (w) of paragraph 20 of their petition, petitioners set forth the bases for their contention that respondents’ determination was “illegal, erroneous, arbitrary, capricious, improper, ultra vires, inequitable and void”. To set forth each stated ground would draw this *383 opinion out to inordinate length. In their extremely detailed return and comprehensive memorandum of law, respondents have effectively refuted each contention of substance, and the court finds that their determination was not arbitrary or illegal or contrary to law.
A reading of the factual summary hereinabove set forth in the light of the following rules of law governing proceedings such as this amply supports that conclusion. The Board of Standards and Appeals is ‘ ‘ made up of men with special qualifications of training and experience ” (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, 287) with power to vary the application of the Zoning Resolution (New York City Charter, § 666, subd. 5). And a variance may be granted under subdivisions (f) and (i) of section 7 of the Zoning Resolution without a showing of unique hardship (Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126, 134-135; Matter of Douglaston Civic Assn. v. Board of Stds. & Appeals, 278 App. Div. 659, 660, affd. 302 N. Y. 920). ‘1 The variation may be made to meet the specific case in order to enable the owner to make a reasonable and profitable use of his property if it can be done without violence to the general zoning plan and without causing substantial inconvenience to the immediate neighborhood, although the applicant has no right to insist upon a decision in his favor ’ ’ (Matter of Reed v. Board of Stds. & Appeals, supra, p. 135).
The board complied with the requirements as to notice and was not bound to deny the application simply because no consent thereto had been filed. The basis for the board’s action is exhaustively stated in its return. This is sufficient (Matter of Levy v. Board of Stds. & Appeals, 267 N. Y. 347, 351; Matter of Reed v. Board of Stds. & Appeals, supra, p. 133; Matter of Community Synagogue v. Bates, 1 N Y 2d 445, 454). The board, which is composed of experts on zoning and related matters, after four separate inspections of the surrounding area by its committee, unanimously found that the erection and maintenance of the proposed modern gasoline service station for a limited term of 15 years, subject to conditions and safeguards imposed by it, would not adversely affect the neighboring properties nor be in any way detrimental to the interests of public health, safety and the general welfare. Certainly, this court is unable to say on the record before it that the action of respondents is unjustifiable as matter of law (Matter of Reed v. Board of Stds. & Appeals, supra, p. 136; see, also, Matter of Woltman v. Murdock, 6 A D 2d 877).
That the respondents had permitted the intervenor-respondent to withdraw an application for like relief does not, under *384 the circumstances disclosed," require a different result. As stated by the Court of Appeals in Matter of Reed v. Board of Stds. & Appeals (supra, p. 133), “if new plans materially change the aspects of the case, a new application may be made and a new determination had.” Crucially, on the prior application by the intervenor-respondent, it sought to erect the proposed gasoline service station on the easterly side of Clintonville Street, thus eliminating two entrances to the shopping center on that street and causing the station to abut the residence dwelling to the north and the adjacent property of the petitioner to the south. The present application was not granted for that property but for the property across the street, a most material change. And the mere number of gasoline service stations within and without the affected area does not justify disturbing the determination of the board. In the first place, the board found that they were too remote and inadequate to service the vehicles of patrons of the large shopping center. In the second place, it is not within the province of the board to stifle business competition (Matter of Blumenreich Properties v. Waters, 14 Misc 2d 947, 948).
The motion is accordingly granted, the petition dismissed and respondents’ determination confirmed. Submit order.