James C. O’Brien,
Off. Ref. This is an application under article 78 of the Civil Practice Act to review and annul or modify a determination of the Zoning Board of Appeals of the City of Rochester, denying to petitioners their application to erect a proposed commercial sign in an R 3 residential district in the City of Rochester. The application for permission to erect and maintain the sign was made on the ground, and petitioners were required to prove, that practical difficulty and unnecessary hardship would result if petitioners were not permitted to maintain this sign. The application was denied and this proceeding results.
*693 The Zoning Board of Appeals is an administrative agency established by law to pass upon applications like those of the petitioners. In a case where exercise of discretion by that agency is possible upon the facts presented, a court should be very cautious in reviewing such determination. There may well be cases in which the court, if first called upon to exercise its discretion in the matter, would have arrived at a conclusion different from that of the administrative agency, but it is not permitted to substitute its own discretion- for that of the agency to which the statutes give the prima facie responsibility (People ex rel. St. Albans-Springfield Corp. v. Connell, 257 N. Y. 73; Matter of Levy v. Board of Standards & Appeals of City of New York, 267 N. Y. 347).
Petitioners are using the two vacant lots in the R 3 district on which they wish the sign, as a place to keep and sell used automobiles.
Adjoining these vacant lots on the south is a substantial building in which one of the petitioners houses new cars and maintains a service and repair garage. A sign of some kind which would inform the public that petitioners have used cars for sale would be a decided convenience to petitioners. Whether that sign could advantageously be placed upon the building rather than at the location now proposed, or whether a less conspicuous or smaller sign could or should be permitted upon the vacant lots now zoned for residential use, we are not called to pass upon.
The sole problem before us now is whether or not the discretion exercised by the Zoning Board of Appeals in denying petitioners’ application for this particular sign was capricious or arbitrary so as to call for correction or annulment. We conclude that the board reasonably exercised discretion in denying the application and agree with the board that the record does not show practical difficulties or unnecessary hardship to the petitioners which would require the granting of the application. (Matter of Tenlan Realty Corp. v. Board of Standards & Appeals, 251 App. Div. 311, affd. 276 N. Y. 594.)
The application of petitioners is denied, without costs, and an order to that effect may be presented (approved as to form by counsel for the petitioners) for my signature. This is my decision, made and signed pursuant to section 440 of the Civil Practice Act.