Nathaniel T. Helman, J.
In this article 78 proceeding, petitioners seek to review a determination made by the Board of Standards and Appeals granting a variance of the Zoning Resolution of the City of New York of 1916, so as to permit the erection of a gasoline service station in a district then zoned for retail use. Petitioners, who are adjacent property owners, charge the board with having arbitrarily and capriciously granted the variance in that (1) the area in which the affected property is located was rezoned from retail use to residential use, thus downgrading the property, (2) in failing to give due consideration to the number of existing gas stations, (3) in engaging in spot zoning, and (4) improperly exercising its discretion so as to avoid hardship to adjacent property owners.
The petitioners further contend that the variance granted by the board is illegal and unenforcible under the Zoning Resolution of the City of New York of December 15, 1961, since there is no saving clause in said Zoning Resolution affecting a variance authorized but not actually established by use prior to its adoption. Concededly no construction has been started on the erection of the gas station.
The owner of the property first applied to the Department of Buildings for permission to erect the gasoline station and upon the denial of the application appealed to the Board of Standards and Appeals for a variance under section 7e of the Zoning Resolution. After public notice a hearing was held, a committee inspected the premises, and the board, finding that this was an appropriate case, exercised its discretion under section 7e of the Zoning Resolution, and granted the variance. It is clear that a full hearing was held and that 36 out of the 56 objectors appeared personally at the hearing. After due consideration, the board found that this was an appropriate case in which to grant a variance.
In so doing, the board acted pursuant to the provisions of section 7 of the Zoning Resolution under which a variance was authorized under such conditions as would safeguard the char *274 acter of the district. “The Board has a wide scope in the exercise of its discretion whenever the discretion to make variances is granted to it. * # * If snch an application is denied the only question for the court is whether the petitioner has been illegally oppressed. * * When the application is granted the question of power only is to be considered.” (Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126, 136.)
On the record before the court, it cannot be held that the granting of the variance on November 21, 1961, was an abuse of discretion (Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 334-335; Matter of Lemir Realty Corp. v. Larkin, 10 A D 2d 1005, affd. 11 N Y 2d 20).
The Zoning Resolution adopted on December 15, 1960, and becoming effective on December 15, 1961, forbids erection of gasoline stations in the district encompassing the subject premises. The issue therefore is whether the new Zoning Resolution may render the prior decision of the Board of Standards and Appeals unenforcible. An examination of the new Zoning Resolution leads to the conclusion that the variance continues in effect. Section 11-41 provides in part: “ Whenever under the provisions of the 1916 zoning resolution as amended * * * the Board of Standards and Appeals * * * has authorized any use to locate in a district in which it is not permitted as of right by issuing a variance, * * * such existing use established pursuant to such grant may be continued.”
“ Use ” is defined in section 12-10 as ‘ ‘ Any purpose for which a * * * tract of land may be * * * intended * # * or (b) Any activity, occupation, business or operation * * * intended to be carried on * * * on a tract of land.” (Italics supplied.)
Section 11-411 provides: ! 6 Where such use was authorized subject to a term of years, such use may be continued until the expiration of the term ’ ’.
It is clear that the Zoning Resolution effective December 15, 1961 in no way renders unenforcible or illegal the variance previously granted by the board. Moreover, the variance has not lapsed for failure to undertake construction, as contended by petitioners. An examination of the provisions of both the 1916 and 1961 resolutions discloses that safeguards were established by the draftsmen of those resolutions to avoid the nullification of established rights and permits, such as here involved, by mere nonuse. A reading of the definition sections as well as section 22-A of the 1916 resolution, indicates that lapsing of a variance by failure to construct within one year did not occur during a period when the actions of the board were being *275 reviewed by the courts. Thus the old resolution (§ 22-A) stated: “After the Board of Standards and Appeals has varied the provisions of this resolution, or after the court has reversed or modified the action of the Board ® * * the variance so granted shall lapse ”.
Section 72-73 of the new resolution specifically provides that if judicial proceedings to review the hoard’s decision shall he instituted a variance shall lapse if substantial construction has not been completed within one year from the date of entry of the final order in such proceedings, including all appeals.
The expressed intent of the framers of the new resolution was to continue legal rights in variances previously granted. The words “ existing and “ established ” are not to be taken out of context and must be applied to 1 c uses 5 5 only in the broad sense contemplated by the legislators. The variance was for a term of 20 years from November 21, 1961 and the specific reference in the new section 11-411 to the continuance of the use until the expiration of the term and thereafter, “ where such use was authorised ”, demonstrates a legislative intent to protect the holder of the use from nullification of his rights.
In view of the foregoing, the application is granted, the petition is dismissed and the determination of the Board of Standards and Appeals is affirmed.