In the Matter of the Application for an Order of Certiorari of JOSEPH FICARO, Respondent, against WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, and Another, Appellants.

First Department, June 18, 1929.

*Henry J. Shields* of counsel [*J. Joseph Lilly* and *William T. Kennedy* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*, attorney], for the appellants William E. Walsh and others.

*Frank C. Laughlin* of counsel [*Joseph W. Kirkpatrick* with him on the brief; *Samuel F. Reynolds*, attorney], for the intervenor, appellant, William Hagedorn.

*Jacob Beller* of counsel [*Healy & Beller*, attorneys], for the respondent.

MCAVOY, J. The defendant Hagedorn intervened in this proceeding and appeals from an order made in a certiorari proceeding which reversed the determination of the board of standards and appeals making a variation in the application of a use district regulation and authorizing the owner of property situated at Jerome

avenue and One Hundred and Eighty-second street to build a garage containing a showroom on the ground floor.

The petition, return and answer of the intervenor were the basis of the order, and there was no evidence taken on the hearing of the certiorari proceeding. The grounds on which the court set aside the determination of the board were: (1) That the board had previously denied an application of the intervenor to vary the use in this district and that it had no right to reopen the case and grant the application; (2) that on the rehearing it did not appear that any practical difficulties or unnecessary hardship would result to the intervenor from the denial. The intervenor, after he had obtained the permission of the board of standards and appeals on the rehearing, erected a garage containing an automobile showroom and is now operating the garage. The petitioner made an application to enjoin the intervenor from operating the garage, which was denied in February last.

The property at the time of its purchase was vacant, and since that time taxes have increased there to such an extent that it became burdensome to carry the property in an unimproved state. The intervenor applied for permission to erect a garage and automobile showroom. Jerome avenue at this point runs north and south. Walton avenue is to the east; One Hundred and Eighty-second street and Cameron place bound the block on the north and south; the westerly part of the block, which is the Jerome avenue frontage, extends back easterly 100 feet, as designated on the use district map for "business purposes," while the remaining easterly part of the block, 95 feet in depth from Walton avenue, is designated for "residential purposes," This property is in the "business purpose" area, and consequently Hagedorn must have permission to erect a garage for more than five vehicles. East One Hundred and Eighty-second street, which bounds the property on the north, and Cameron place, which bounds it on the south, are not thoroughfares running from east to west, but end at Jerome avenue, which is the dividing line between east and west streets in the Bronx. Traveling westerly from East One Hundred and Eighty-second street, one must go north or south on Jerome avenue for an intersecting street. West One Hundred and Eighty-second street begins at Jerome avenue immediately in front of and across Jerome avenue from the property. The nearest through street is West One Hundred and Eighty-first street, about 350 feet south. Jerome avenue has elevated railroad tracks, and is practically given over, in this neighborhood, to garages and gasoline stations and similar businesses, which intervenor claims prevent him from using his property there for any other purpose.

The resolution does not authorize the intervenor to use the building solely for garage purposes, but requires a part of the building to be used for conforming business purposes, *i. e.*, for permitted business purposes. The ground floor front, except for the space required for the entrance to the garage, a depth of not less than twenty feet, shall be used for store or showroom purposes; and intervenor is prevented from using portable gas tanks, and restricted to the use of gasoline equipment in connection with the garage to the "extreme southerly end of these premises" and not within twenty feet of the front of the building.

On the property adjoining the extreme southerly end of these premises there is an automobile service station, which is the same classification as a garage, and a garage for twelve motor vehicles. The next property on the south is a one-story glass factory and warehouse, with garage in the rear. South of this is the corner of Jerome avenue and Cameron place, with a frontage on Jerome avenue 122 feet, and 100 feet on Cameron place. This property is occupied and used as a repair shop and garage.

At the time the application was denied in November, 1926 (it having been granted on May 8, 1928), the property to the south now occupied by the repair shop on the corner of Cameron place and Jerome avenue was vacant, and the then owner objected to this intervenor building a garage, on the ground that his property would be damaged, and it was that objection which caused the denial. This objecting owner, however, sold his property, and the purchaser thereof, in July, 1927, applied for a variation of the use so as to permit him to erect a garage with a repair shop, and this was granted in November, 1927. The previous owners, who were property owners in the vicinity and objectors in the first application as to these premises, made no objection to the variation of the use as to the property on Cameron place and Jerome avenue.

The objections made are that the board had no jurisdiction to reopen the proceedings, and on rehearing to grant intervenor's application for the variation. We think that this is a mistaken notion of the rule on reapplications, and that the court erroneously held that the board was without jurisdiction to reopen the proceedings. Where new facts appear, such as the condition of the property in the immediate vicinity having been changed by the consent of the former objecting owners, we think it is proper for the board to reconsider its determination, and that this power was properly exercised in this instance.

We think, too, that the proof before the board of standards and appeals sustains its decision, and that the intervenor established that he was entitled to relief under section 21 of the Building Zone

Resolution of the City of New York, on the ground that the use regulations constituted unnecessary hardship and practical difficulties as applied to his property, in view of the locality and its almost continuous line of garages, and that he was entitled to a variation of the application of the use district regulations.

The order should be reversed, with ten dollars costs and disbursements to the intervenor, and the decision and determination of the board of standards and appeals confirmed, with fifty dollars costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the intervenor, and determination of the board of standards and appeals confirmed, with fifty dollars costs.