JEROME D. PETERSON, Respondent, *v.* STATE OF NEW YORK LIQUOR AUTHORITY, Appellant.

Fourth Department, July 6, 1973.

*Louis J. Lefkowitz,* Attorney-General (*Michael G. Wolfgang, Eugene A. Panfil* and *Ruth Kessler Toch* of counsel), for appellant.

*Herman Schwartz* and *Edward I. Koren* for respondent.

WITMER, J. The Liquor Authority appeals from a judgment annulling its determination denying petitioner's application, under subdivision 2 of section 102 of the Alcoholic Beverage Control Law, for approval of his employment by Fisherman's Wharf, Inc., a liquor licensee. For several years prior to 1971 petitioner had been employed by Fisherman's Wharf, Inc. without incident, but when appellant Authority learned that he had a criminal record, it required his employer to discharge him. In August, 1971 petitioner applied to the Authority under the above statute for approval of his employment by Rogers Warehouse of Buffalo, Inc., and in September, 1971 the Authority denied the application without a hearing. Instead of seeking prompt review of that determination, petitioner sought recon-

sideration thereof by the Authority, which on February 15, 1972 again denied the application. Within four months of that date petitioner instituted an article 78 proceeding for review of the Authority's denial of his application, but it was dismissed as time-barred under CPLR 217, the four-month period being calculated from the date of the original denial in September, 1971.

In September, 1972 petitioner obtained another offer of employment, this time as a porter with his former employer, Fisherman's Wharf, Inc., and he applied to the Authority for approval of such employment. Without a hearing the Authority again denied his application. Petitioner then brought this article 78 proceeding for review and annulment of that determination and asked for a hearing upon his petition. Without a hearing Special Term granted the petition and directed the Authority to grant petitioner's application for approval of his employment.

The Authority contends (1) that this proceeding is time-barred by CPLR 217 for the reason that in essence it seeks review of its original determination of September, 1971 and, alternatively, (2) that its determination on petitioner's police record had a rational basis, that petitioner was not entitled to a hearing and that the judgment should be reversed and its determination confirmed.

With respect to the timeliness of this proceeding there is no doubt that it is time-barred if the September, 1972 application was based upon the same facts as the prior application and the renewal thereof (*Matter of Hall* v. *Leonard,* 260 App. Div. 591, 595, affd. 285 N. Y. 719). Petitioner contends, however, that although the September, 1972 application was for approval of his employment, there are several factual differences from the prior application, to wit, the latter application was for employment by a different employer at a different place, different time and different job, and, moreover, another year had passed since the prior application, during which petitioner had continued to be on good behavior. In addition, it appears that the Authority treated the September application as a new one and made a new investigation and a new determination. We agree that these different facts are sufficient for holding that the decision denying the later application was a new determination from the date of which the statute began to run, and that this proceeding is timely (*Matter of Camperlengo* v. *State Liq. Auth.,* 16 A D 2d 342; *Matter of Feller* v. *Wagner,* 7 A D 2d 126; *Matter of Ficaro* v. *Walsh,* 226 App. Div. 441).

Coming to the merits of the application and the request for a hearing, the Authority relies upon *Matter of Bergansky v. State of New York Liq. Auth.* (39 A D 2d 849) and cases of similar import. Petitioner relies upon *Matter of La Greca Rest. v. New York State Liq. Auth.* (33 A D 2d 537). In *Bergansky (supra)* the court found that petitioner's criminal record was of such recent and serious character that no further inquiry by the Authority was needed, as it could not change the result. In *La Greca (supra)* the appellate court found that petitioner's criminal record was of ancient vintage and not serious and it reversed, holding that denial of his application was arbitrary and capricious, and it ordered the Authority to approve it.

In the case at bar petitioner is 48 years old. His petition shows that he had a vagrancy charge against him in 1947; disorderly conduct in 1948; two other charges in 1948, being assault, second degree (no bill), and disorderly conduct (dismissed). In 1949 he had another disorderly conduct conviction and was fined $50; and later that year (he alleges) an assault charge, second degree, was made against him for which he was sentenced to a two and one-half to five-year term in Attica Prison. Respondent asserts that petitioner's official police record shows that the latter conviction was for sodomy and that respondent will so treat it until petitioner gets his record corrected to show only assault, second degree. In 1962 petitioner was convicted of disorderly conduct, placed on probation and discharged " with improvement " in 1963. In 1966 he was convicted of loitering (in connection with solicitation) and fined $10. Except for traffic violations, and violation of a city ordinance in 1969 for which he was fined $15, petitioner asserts that for 24 years he has no criminal conviction but the 1962 disorderly conduct charge and the 1966 loitering charge.

The facts in this case are more akin to those of *La Greca* (33 A D 2d 537, *supra*), than to *Bergansky* (39 A D 2d 849, *supra*). Nevertheless, one cannot lightly pass over petitioner's two convictions of 7 and 11 years ago. The Authority, of course, has the duty, in the reasonable exercise of its discretion, to determine whether petitioner may safely be employed by Fisherman's Wharf, Inc. It must exercise that discretion for the public good, as particularly related to the liquor industry; but it cannot live in a vacuum and must also act with an awareness of the State's public policy to rehabilitate persons with criminal records so that they may find a place in legitimate society and not be forced to turn to crime in order to survive. This is a challenging and sensitive matter.

In view of the remote criminal record of petitioner in this case and his good record in recent years and in light of the *Bergansky* and *La Greca* holdings, we think that the Authority should accord a hearing to petitioner, as to his recent and present circumstances, character and qualifications for the employment which he seeks, so that the Authority may secure in depth information concerning him as a basis for the exercise of its discretion. The record of such hearing will also afford a more intelligent basis for review if that becomes necessary.

Accordingly, the judgment should be modified to remit the matter to the Authority to conduct a full hearing upon petitioner's application and reconsider it upon the basis of petitioner's complete record and the evidence adduced upon the hearing, and otherwise the judgment should be affirmed.

GOLDMAN, P. J., MOULE, CARDAMONE and SIMONS, JJ., concur.

Judgment unanimously modified and as modified affirmed without costs and matter remitted to the Authority for further proceedings in accordance with opinion by WITMER, J.