■ In the Matter of KITANO ARMS CORPORATION, Respondent, v STATE

LIQUOR AUTHORITY et al., Appellants.—Judgment of the Supreme Court, New York County, entered September 19, 1978, which annulled a determination of the State Liquor Authority and directed the issuance of a hotel liquor license to petitioner, unanimously reversed, on the law, without costs or disbursements, the petition dismissed and determination confirmed. Separate appeal from order of the Supreme Court, New York County, entered June 20, 1978, which denied the cross motion of the State Liquor Authority to dismiss petition as time-barred, dismissed, without costs or disbursements, as nonappealable as of right, permission to appeal not having been obtained (CPLR 5701, subd [b], par 1; subd [c]); and because the order is subsumed in the final judgment. In any event, the validity of that order has been reviewed on the appeal from the judgment (CPLR 5501, subd [a], par 1). In this article 78 proceeding, petitioner challenged the determination of the State Liquor Authority under subdivision 7 of section 64 of the Alcoholic Beverage Control Law disapproving petitioner's application filed in 1977 for transfer of a restaurant liquor license from premises 66 Park Avenue, also known as 42 East 38th Street, New York, New York, and change of class to a hotel liquor license for the entire building 66 Park Avenue. The premises consist of a 17-story edifice located on the southwest corner of Park Avenue and East 38th Street. The building, in existence for more than half a century, has at all times been maintained as a bona fide hotel. The restaurant premises occupy a portion of the main floor on the East 38th Street side of the building. The hotel had a liquor license for the entire premises from 1933 to 1938, when such license was converted from a hotel to a restaurant liquor license. From the latter part of 1938 to 1949 there was no license of any classification for the premises. In 1949 a restaurant liquor license was obtained for the restaurant and since then the restaurant premises have been continuously licensed to sell liquor for on-premises consumption. In 1959 a church was dedicated on the opposite side of Park Avenue from the hotel. The restaurant entrance, on East 38th Street, is more than 200 feet from the entrance to the church. In 1972 a hotel entrance was constructed on Park Avenue. The hotel entrance is less than 200 feet from the entrance to the church. In 1974 petitioner applied for the same relief as sought herein. The application was denied without a hearing and without recourse by petitioner to judicial review. We agree with Special Term that, inasmuch as the State Liquor Authority treated petitioner's new application in all respects as a new application, conducted a new investigation, held a hearing and made a new determination, the 1974 disposition did not bar petitioner from seeking judicial review of the new determination in a proceeding commenced in June, 1978, within four months of March, 1978, the date of the authority's determination (see *Peterson v State of New York Liq. Auth.*, 42 AD2d 195, 196; CPLR 217). Subdivision 7 of section 64 of the Alcoholic Beverage Control Law, so far as pertinent to these proceedings, provides: "No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship; the measurements to be taken in a straight line from the center of the nearest entrance of such school, church, synagogue or other place of worship to the center of the nearest entrance of the premises to be licensed; except, however, that no renewal* license shall be denied because of such restriction to any premises so located which were maintained as a bona fide hotel,

---

* The word "renewal" was added to this section in 1957.

restaurant, catering establishment or club on or prior to December fifth, nineteen hundred thirty-three; and, except that no license shall be denied to any premises at which a license under this chapter has been in existence continuously from a date prior to the date when a building on the same street or avenue and within two hundred feet of said premises has been occupied exclusively as a school, church, synagogue or other place of worship." We do not agree with Special Term that the determination of the State Liquor Authority should be annulled and the issuance of a hotel liquor license directed. We find that the State Liquor Authority's conclusion that the license sought is prohibited by, and not excepted from, the prohibition of subdivision 7 of section 64 of the Alcoholic Beverage Control Law was proper. We have considered petitioner's contention that, because the entire premises were maintained as a hotel on or before December 5, 1933 and had a hotel liquor license between 1933 and 1938, therefore, under the first exception in subdivision 7 of section 64 of the Alcoholic Beverage Control Law, the hotel premises or at least the portion thereof other than the restaurant premises, have a vested right to a hotel liquor license which could be exercised now. While petitioner's factual statement appears to be correct, its argument has no validity, as there were additional factors properly considered by the State Liquor Authority in reaching its determination. The hotel premises did not have a hotel liquor license at any time after 1938. In 1957, when the word "renewal" was added to the language of the first exception, there was no liquor license in existence for the hotel premises or any part thereof. After the addition of that word to the exception, the hotel premises were no longer eligible for a hotel liquor license unless the license sought could be categorized as a "renewal." The present application for a hotel liquor license was made in 1977, 40 years after the last license for the hotel premises was issued. The term "renewal" is not to be construed so broadly as to bridge a 40-year gap—a break in time manifesting an abandonment of any rights which may have been possessed. (Cf. *Matter of Perrier v Crepes Suzette Rest.*, 25 AD2d 720, mot for lv to app den 18 NY2d 578, where the interval between expiration and "renewal" was only three months.) Nor does the license applied for qualify under the second exception of subdivision 7 of section 64 of the Alcoholic Beverage Control Law. To meet that exception, it is required, *inter alia,* that the premises covered by the license sought to be transferred and the premises to which the license is sought to be transferred be the same. Implicit in the State Liquor Authority's determination is the finding that the premises covered by the restaurant liquor license and the hotel premises which are sought to be licensed are not the same. The restaurant premises occupy only a small portion of the hotel and the restaurant entrance is on East 38th Street, 211 feet, 6 inches from the church entrance. The hotel premises encompass a much larger area, the entire building, with the entrance on Park Avenue, 151 feet, 5 inches from the entrance to the church. The requested license change involves more than the mere extension of the existing licensed premises to include all areas of the hotel. In substance and reality, it involves what amounts to two different premises. The fact that the restaurant and hotel are both owned by petitioner or that the restaurant premises are identified by two addresses, 42 East 38th Street and 66 Park Avenue, which latter address is also the address of the hotel, does not affect this conclusion. *Matter of Marchi's Rest. v Hostetter* (15 NY2d 827), relied upon by Special Term in granting petitioner's application, is inapposite because there the premises involved were the same, while in this case the premises are not the same. Subdivision 7 of section 64 of the Alcoholic

Beverage Control Law does not define the words "renewal" or "premises" contained therein. Deference must be accorded to the interpretation of those words and the construction given the Alcoholic Beverage Control Law by the State Liquor Authority, the agency charged with the administration of such law—so long as the interpretation or construction is not irrational or unreasonable. (Matter of Howard v Wyman, 28 NY2d 434, 438.) We conclude that the interpretation of those terms and construction given subdivision 7 of section 64 of the Alcoholic Beverage Control Law by the State Liquor Authority were reasonable. The determination herein of that agency was not arbitrary or capricious and accordingly is not to be disturbed. Concur—Birns, J. P., Evans, Fein, Sullivan and Silverman, JJ.